THE WELLES-KAHN COMPANY, A CORPORATION, *Plaintiff in Error*, v. MAX KLEIN, *Defendant in Error*.

Opinion Filed May 1, 1920.

Petition for Rehearing Granted November 29, 1920.

The provisions of Section 1717, General Statutes of 1906, that "every acknowledgment of, or promise to pay a debt barred by the statute of limitations, must be in writing and signed by the party to be charged," do not apply where the new promise to pay the debt was made before the cause of action was barred by the statute of limitations.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Judgment reversed.

*John C. Avery*, for Plaintiff in Error;

*Watson & Pasco*, for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:

"The plaintiff sues the defendant for that, to-wit, on the 2nd day of January, A. D. 1914, to-wit, in the County and State aforesaid, the defendant, then and there doing business under the style of Klein Grocery Company and also under the style of Magnolia Market, was indebted to the plaintiff in the sum of $4,502.98, for so much money then and there due and payable by the defendant to the plaintiff for the price and value of goods, wares and merchandise by the plaintiff to the defendant sold and delivered.

"And in a like sum of money upon accounts stated between the parties.

"Yet the said defendant has not paid the said moneys, nor either of them, nor any part thereof, though often requested so to do.

"To plaintiff's damage of $8,000.00."

A bill of particulars shows items amounting to $4,502.98.

Pleas were filed as follows:

"1.  That he never was indebted as alleged.

"2.  That the alleged cause of action did not accrue within three years prior to the commencement of this suit.

"3.  That the plaintiff and other creditors of the defendant hereto, to-wit, on the 7th day of January, 1914, agreed together and with the defendant, to accept of and from the defendant 25% of the principal sum due to each of them, in full settlement of the liability of said defendant; and in pursuance thereto the defendant paid and the plaintiff and other creditors accepted said sum of, to-wit, 25% of the principal sum then due, in full settlement of the alleged claim of plaintiff herein sued upon."

Issue was joined on the first plea and special replications were filed to the other two pleas. Some of the replications to the two last pleas were held bad on demurrer and the other replications on which issue was taken were withdrawn, and the plaintiff not desiring to amend or to reply further, final judgment on demurrer was rendered for the defendant, and the plaintiff took writ of error.

Unless at least one replication to each of the two special pleas was good as against the demurrer thereto

which was sustained, the judgment for the defendant was proper.

The second replication to the second plea is "That within three years after the accrual of the said cause of action, and within three years before the institution of this suit, the defendant verbally, and for a valuable consideration, promised the plaintiff to pay the said indebtedness."

The overruling of this replication on demurrer calls for a determination whether the following statute is applicable to cases where the cause of action was not barred when a new promise is made to pay the debt: "Every acknowledgment of, or promise to pay a debt barred by the statute of limitations, must be in writing and signed by the party to be charged." Sec. 1717, Gen. Stats. 1906, Compiled Laws, 1914. This statute by its terms is applicable to cases in which a debt is "barred by the statute of limitations," when the "acknowledgment of or promise to pay" the debt is made. It does not apply in cases like this where the new promise to pay the debt was made before the cause of action was barred by the statute. See Phifer v. Abbott, 73 Fla. 402, 74 South. 488, 493.

The sixth replication to the third plea is as follows: "That after the payment by defendant to plaintiff of twenty-five per cent., as in said plea alleged, the defendant verbally, and for a valuable consideration, promised plaintiff to pay to it the balance of said indebtedness."

The grounds of demurrer to this replication are that it is a conclusion of law; that it does not show a sufficient consideration in law for the promise; that it is a departure and that it is insufficient in law. This demurrer

having been sustained, the question presented here is whether a new promise "for a valuable consideration" to pay the balance of the debt is sufficiently alleged. The allegation "a valuable consideration" may be regarded as a statement of an ultimate fact and not a conclusion of law. The replication manifestly is not a departure in pleading. The declaration alleges an indebtedness. The plea avers an agreement to accept an acceptance of 25% of the amount due as a full settlement of the indebtedness. The replication alleges a new promise for a valuable consideration to pay the balance of the indebtedness, made after the payment of 25% as stated in the plea.

Under the replication proof may be offered to avoid the plea as a defense to the declaration, since the new promise revives the debt not paid. See Trumball v. Tilton, 21 N. H. 128; 12 C. J. 277; 5 R. C. L. 874.

Judgment reversed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WEST, J., dissents.