ALBERT E. HALL AND JOHN D. PERRY, DOING BUSINESS
UNDER THE NAME AND STYLE OF BURDETT, SMITH AND
COMPANY, *Plaintiff in Error*, v. WILLIAM M. BROWN,
*Defendant in Error*.

Opinion Filed July 20, 1920.

Petition for Rehearing Denied October 25, 1920.

1. Where there a distinct acknowledgment in writing of a
debt as still subsisting as a personal obligation of the debtor.
before it is barred by the statute of limitations, a promise
to pay will be inferred.

2. Where there is a direct and unqualified admission in writing
of a previous subsisting debt which the party is willing to
pay, a promise to pay is raised by implication of law.

3. Where the defendant made several promises 'to liquidate
the note,' 'to pay something on it,' 'to pay it as fast as
possible,' the promise implied in the statement that he
might "be able by the first of July to send you $500.00,"
must be taken in connection with these and other state-
ments, and that the $500.00 was to be a part payment on
account of the entire indebtedness which he had repeatedly
acknowledged, and not a promise to pay $500.00 in full set-
tlement of the note.

A writ of error to the Circuit Court for Dade County,
H. Pierre Branning, Judge.

Judgment reversed.

*A. J. Rose*, for Plaintiff in Error;

*Atkinson & Burdine*, for Defendant in Error.

BROWNE, C. J.—On August 29, 1914, the plaintiff in
error as plaintiff below brought suit against the defend-

31—Vol. 80

ant in error William M. Brown, on a promissory note for four thousand dollars dated October 28, 1907, payable six months after date.

The defendant pleaded the five year statute of limitations. The plaintiff filed two replications setting up in the first that within three years before the commencement of the action, the defendant by certain letters attached to the replication acknowledged the existence of the debt, his liability for and promise to pay it. The second was the same except that it alleged that the acknowledgment of the existence of the debt, his liability for and promise to pay it, was made within five years of the date of the commencement of the suit. These replications were demurred to upon the ground that the statements contained in the letters attached to the replication did not take the debt out of the statute of limitations.

The court sustained the demurrer, and the plaintiff amended his replication by adding to each the words "and plaintiffs aver that the defendant, Wm. M. Brown, is now able to pay said indebtedness." A demurrer to the amended replication was overruled.

The assignments that are determinative will be considered together as they involve the same question—the effect of the letters written by the defendant to rescue the note from the statute of limitations.

On the trial the court admitted in evidence certain letters, written by Wm. M. Brown between the 29th of July, 1911, and March 6, 1914, introduced for the purpose of showing that the defendant had made an express acknowledgment of the debt from which a promise to pay could be inferred.

In the letter of July 29, 1911, the defendant wrote: "My competitors in digging a hole for me have unconsciously made a pit for themselves and they are about to fall in or let up on me in which event either way the obstacles to my success will be removed and *then* I hope to be able to do something in the matter of my note with you."

"I told her the very moment I could spare a dollar outside of an existence for myself and family my note would be reduced as fast as possible."

On March 29, 1912, he wrote: "I am pleased to say that I am making some headway and hope before long to be able to begin the liquidation of my note."

"I am quite cer (sic) tho by another year my financial condition will improve and then I hope to begin the liquidation of the note."

On April 3, 1918, he wrote: "I delayed answering the first, hoping that when I did reply that I could send you something on the note which you hold."

"I will make you a remittance just as soon as it is within my power. I may be able by the first of July to send you $500, and will do it if I can. I hate to have to write you this way because if you are really in need of funds yourselves I can imagine the disappointment my letter will bring."

On November 17, 1913, he wrote: "I have been waiting for Mrs. Brown—my wife to return that I might talk over the matter of my indebtedness to you with her."

On March 6, 1914, he wrote: "Re my note $4,000 to Burdett-Smith & Co. I wrote them last fall that I had an offer to make, but they seemed to think that they

should have principal and interest which at that time as well as at the present it would be impossible for me to undertake."

"Of course the note is barred by the statute of limitations, but I am not disposed to repudiate it for that reason providing these people are fair about it."

We think that these statements constitute an acknowledgment of the debt, and a promise to pay as soon as he was able to do so, and brings them within the rule laid down in Bell v. Morrison, 1 Pet. (U. S.) 351; Clementon v. Williams, 8 Cranch (U. S.) 72; Wetzell v. Bussard, 11 Wheat. (U. S.) 309; Shepherd v. Thompson, 122 U. S. 231, 7 Sup. Ct. Rep. 1229.

Counsel for defendant in error cites and quotes from a number of cases where certain expressions were held not to take the debt out of the statute of limitations. These, however, all relate to expressions that repel a presumption that the debtor ever intended to pay his obligation, and are not applicable to the facts in this case where we think the letters clearly show an acknowledgment of the debt by the defendant, and a repeated desire and intention to pay it.

On the trial the court gave the following instruction:

"If you find from the preponderance of the evidence that the defendant, Wm. M. Brown, at any time between July 1st, 1913, and April 5, 1915, was able to and could have paid to the plaintiff the sum of $500.00 then you will return a verdict for the plaintiff in the sum of $500.00 together with interest thereon at 8 per cent. per annum from the date that you so find that he was able to pay the same, to date," and refused to give instructions requested by the plaintiff, that if the jury believed from the evidence

that the defendant had been able at any time from the dates of the several letters to pay the note of $4,000.00 and inerest thereon, they should find for the plaintiff.

The instruction as to the ability of the defendant to pay $500.00 and the refusal to give the instructions requested by the plaintiff, limited the amount that the jury could find for the plaintiff to $500.00 with interest.

It was error for the court to so limit the jury in consideration of what amount if any was due the plaintiff on the note sued on. All the statements in the letters which constitute an acknowledgment of the debt relate to a note which was for $4,000.00 with interest. The promise to reduce the note "as fast as possible;" "the moment he could spare a dollar to do so," related not to part of the indebtedness, but to its entirety as represented by the note. The statement, "I am quite cer—tho (sic) by another year my financial condition will improve and then I hope to begin the liquidation of the note," does not limit the liquidation to five hundred dollars, but relates to the entire indebtedness represented by the note. The note referred to in the letter of April 3d was one of $4,000.00. The defendant had made several promises 'to liquidate the note,' 'to pay something on it,' 'to pay it as fast as possible,' and the promise implied in the statement that he might "be able by the first of July to send you $500.00," must be taken in connection with these and other statements, and that the $500.00 was to be a part payment on account of the entire indebtedness which he had repeatedly acknowledged, and not a promise to pay $500.00 in full settlement of the note.

We think the court erred in giving the instructions that are the basis of the sixth and eleventh assignments of error.

The judgment is reversed.

TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting.—I think the judgment should be affirmed because the only definite acknowledgment of the debt and promise to pay was that contained in the letter of April 3, 1918, in which the defendant agreed to pay $500.00 if he could. There was evidence of his ability to pay.