BISCAYNE TRUST COMPANY, a Florida corporation, as Executor of the estate of Francis M. Brown, deceased, *Plaintiff in Error,* vs. PENNSYLVANIA SUGAR COMPANY, a corporation, and E. R. GRAHAM, *Defendants in Error.*

137 So. 147.

Division B.

Opinion filed October 17, 1931.

156

*James M. Carson* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*E. J. L'Engle* and *J. W. Shands,* for Defendant in Error.

WHITFIELD, P.J.—In a tort action at the close of the plaintiff's testimony, the court directed a verdict for the defendant upon which judgment was rendered and the plaintiff took writ of error.

The declaration alleges that the defendants "wilfully, wrongfully and unlawfully caused to be constructed, kept and maintained in the Miami canal, a drainage canal within the Everglades Drainage District, a certain dam, which said dam prevented and hindered the flow of water to the sea, and that said dam caused water to accumulate from rainfall and other sources so that the aforesaid lands of the plaintiff were overflowed" and the plaintiff's growing crops injured, etc.

Such allegation with others appropriately stated, do not wholly fail to state a cause of action. Brown v. Pennsylvania Sugar Co., 95 Fla. 116, 116 So. 72.

Defendants each pleaded not guilty together with special pleas.

At the conclusion of the presentation of the plaintiff's case at the trial, the defendants moved the court to direct a verdict for them on various grounds which in effect challenged the legal sufficiency of the evidence to support a verdict for the plaintiff. The motion was argued and the court recessed till the next day when the court announced:

"I have carefully and seriously considered the question presented by the motion of the defendants for a directed verdict and I have reached the conclusion that the plaintiff's evidence, even if uncontradicted, would not support a verdict for plaintiff, and it is my intention to grant the motion for a directed verdict.

MR. CARSON:

Your Honor, with the Court's permission and the agreement of counsel, we would like to be permitted to put on expert testimony to draw the inferences which are borne out by the testimony. Yesterday, when Mr. Brown stated Mr. Robert Ransom took the measurements of the water at the dam, we had intended putting him on; he is an engineer and had come down at our request; but he had told me on yesterday morning that he had gotten out of a sick bed to come, and at 4:30 I went into the room of Mr. Ransom and asked him if he was able to testify and he said "No", that he was having a chill right then; he is better this morning and an expert witness who can draw from his training and qualifications an inference that can be properly deducted from this testimony in evidence.

THE COURT:

If you had acquainted me with the fact that you had a witness that was ill I would have afforded a recess until your witness were able to testify. I will deny the request.

EXCEPTION NOTED FOR PLAINTIFF.

MR. L'ENGLE:

Your Honor, he has closed his case, and I don't think it is permissible, he oughtn't to be allowed to open his case at the present time after all his evidence is in and he has announced closed.

THE COURT:

I will grant the motion for a directed verdict for the defendants, unless you want to take a non suit.

MR CARSON:

I think we will ask Your Honor to grant us sixty days for the preparation and presentation of a bill of exceptions. Please note our exceptions to the directed verdict for Defendant.

EXCEPTION NOTED FOR PLAINTIFF.

THE COURT:

Sixty days is granted for the preparation and presentation of a bill of exceptions.''

The denial of the request to adduce an expert witness was under the circumstances not error.

Upon the trial of all cases at law in the several courts of this State, the judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause. If however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, or upon behalf of the State in any criminal case, it be apparent to the judge of the circuit court, criminal court, county court, or civil court of record that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, or a verdict against the defendant in any criminal case, the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant.'' Section 4363 (2629) Compiled General Laws.

In Stevens v. Tampa El. Co., 81 Fla. 512, 88 So. 303, this rule is announced:

''In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to be drawn from all the evidence, in favor of the plaintiff, should be considered; but if after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been vio-

lated. The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned. When the evidence would not in law support a verdict for the plaintiff, there is no violation of the organic rights to a jury trial·in directing a verdict for the defendant.''

See also Greenblatt v. Bissell Dry Goods Co., 85 Fla. 83, 95 So. 302; Small v. Lamborn, 276 U. S. 248.

Owing to the topography and other natural conditions that are more or less peculiar to the Everglades, a vast area of flat lands where protracted heavy rainfall occur, the judicial opinion of the trial court as to the probative force of testimony heard by him should have appropriate consideration from the appellate court in determining whether error was committed in directing a verdict for the defendants in an action for damages to overflowed cultivated lands alleged to have been caused by the construction and maintenance of a dam,·in an Everglades drainage canal, and when no rule of law is violated and the appellate court is at least in doubt whether error was committed under the law in directing a verdict for the defendants, a judgment rendered for the defendants on the directed verdict should not be disturbed.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.