KNOWLES BROTHERS AGENCY v. C. M. LARKIN.

181 So. 896.

Opinion Filed June 8, 1938.

668

*Yonge, Beggs & Carter,* for Plaintiff in Error;

*Fisher & Fisher,* for Defendant in Error.

BUFORD, J.—Plaintiff in error on the 14th day of April, 1937, sued defendant in error on a written guarantee, for valuable consideration, of the payment of a promissory note (not under seal) made and executed by one Theo. Baars for the sum of $243.32 dated August 7th, 1928, and due sixty days after date.

Defendant pleaded the five-year statute of limitations.

Plaintiff filed replications to the plea as follows:

"Now comes the plaintiff and for replications to the defendant's plea filed herein says:

"1.   That within five years after the accrual of the cause of action sued on, and within five years prior to the institution of this suit, the defendant orally acknowledged to the plaintiff the said indebtedness.

"2.   That within five years after the accrual of the cause of action sued on, and within five years prior to the institution of this suit, the defendant orally promised the plaintiff to pay the said indebtedness."

Defendant filed demurrer to first replication as follows:

"A.   The replication does not set up facts which would suspend operation of the statute of limitations.

"B. No facts are stated to show such an acknowledgment as would be sufficient to avoid the bar of the statute of limitations.

"C. The replication states a general conclusion of the pleader and is too general to tender an issue of fact with reference to the avoidance of the bar of the statute of limitations."

The first replication was then amended to read as follows:

"That within five years after the accrual of the cause of action sued on, and within five years prior to the institution of this suit, the defendant orally acknowledged to the plaintiff the said indebtedness as a present existing obligation, and recognized his liability to pay the same."

Demurrer stood to amended First replication and was sustained. Then Third and Fourth replications were filed, as follows:

"3. That within five years after the accrual of the cause of action sued on, and within five years prior to the institution of this suit, the defendant orally acknowledged and thereby promised to pay to the plaintiff the said indebtedness.

"4. That within five years after the accrual of the cause of action sued on, and within five years prior to the institution of this suit, the defendant orally acknowledged to the plaintiff the said indebtedness as a present existing obligation, recognized his liability to pay the same, and thereby promised to pay the said indebtedness."

"On issues joined the cause came on for trial and verdict was directed and entered in favor of defendant, pursuant to which judgment was also entered. To the judgment writ of error was directed.

The pleadings and proof show that the debt was that of Baars. The obligation sued on was the guarantee of de-

fendant that the debt of Baars would be paid, not in accordance with the terms of the note, but in accordance with the terms of the stipulation contained in the written guarantee.

The demurrer was properly sustained to the first replication as amended because the amended replication did not allege a promise to pay.

The allegations of the Second, Third and Fourth replications were, to some extent, sustained by the proof, but the proof was not sufficient to warrant a recovery by the plaintiff. There was evidence tending to prove that the defendant had promised to pay the debt of Baars within the statute of limitations, but there is no evidence to show that he ever admitted that it was his debt.

In Woodham v. Hill, *et al.*, 78 Fla. 517, 83 Sou. 717, it was held:

"A writing relied upon to revive a debt already barred by the statute of limitations should be susceptible to an implication of a willingness to pay at all events, or upon a contingency that has happened. Cosio v. Guerro, 67 Fla. 331, 65 South. Rep. 5.

"In states which have no statute like ours, it has been held: 'A new promise which will take a case out of the statute may be either expressed or implied in consequence of an acknowledgment, though in either event it must be clear and definite. * * * If the expression be equivocal, vague or indeterminate, leading to no certain conclusion, but at best to be probable inferences, which may affect different minds in different ways, they ought not to go to a jury as evidence of a new promise to revive a cause of action.' 17 R. C. L. 898."

The basis of the suit here is the guarantee of the payment of the debt of another to the creditor. The uncontradicted

evidence shows that the defendant never admitted that it was his debt, but always recognized it as the debt of Baars and insisted that Baars be required to pay it.

On consideration of the whole record, we cannot say that the court committed reversible error in directing the verdict for the defendant because certainly it cannot be gathered from the evidence that there was an unconditional acknowledgment of a debt due from the defendant to the plaintiff and a promise to pay the same so as to toll the running of the statute of limitations.

In Biscayne Trust Co., as Executor, v. Pennsylvania Sugar Co., 103 Fla. 155, 137 Sou. 147, it was held:

"In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to be drawn from all the evidence, in favor of the plaintiff, should be considered; but if after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been violated. The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned. When the evidence would not in law support a verdict for the plaintiff, there is no violation of the organic right to a jury trial in directing a verdict for the defendant."

So, the judgment should be affirmed and it is so ordered. Affirmed.

WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

BROWN, J., dissents.

Brown, J. (dissenting).—In view of the evidence, I think the case should have been submitted to the jury, without any affirmative instruction.