F. & R. CORPORATION v. NORWICH UNION FIRE INSURANCE SOCIETY, LIMITED.

189 So. 697
Division A
Opinion Filed June 9, 1939

*B. A. Bales* and *O. S. Miller,* for Plaintiff in Error;
*Batchelor & Dyer,* for Defendant in Error.

BUFORD, J.—A building was insured against loss by fire under a standard fire insurance policy carrying a standard "loss payable to mortgagee" clause. The building was burned. Mortgagee took assignment from owner, as follows:

"The Interest of Haven Holding Company as owner of the property covered by this Policy is hereby assigned to F. & R. Corporation subject to the consent of the NORWICH UNION FIRE INSURANCE SOCIETY, LTD.,

> "Haven Holding Company,
> "By L. R. Miller
> "(Signature of Insured)
> "As its President."

The declaration alleged, *inter alia:*

"The said defendant issued to Haven Holding Company a Florida corporation, as assured, and to the plaintiff, as mortgagee, its policy of insurance, and thereby promised to pay the said Haven Holding Company and the plaintiff in the terms of the said policy and upon the conditions thereto annexed, to insure the said Haven Holding Company and plaintiff against loss or damage by fire to the amount of Two thousand dollars, and to make good unto said plaintiff the loss or damage that should happen by fire, not exceeding said sum of Two thousand dollars, for the term of one year

from the 30th day of May, A. D. 1935, to the 29th day of May, A. D. 1936, * * * And, afterwards, to-wit, on October 18th, 1935, the said one-story frame building with composition roof, occupied by tenant and as a dwelling house and garage and all permanent fixtures including window and door screens, awnings and storm doors and windows contained in or on said building or stored in other buildings on said premises, fencing, situate No. 51-53 on the N. E. corner of said Avenue 1, Sheet Block No. 138 in Sanborn Map Sheet No. 1, Moore Haven, Florida, so assured and in said policy described, was burned and destroyed by fire, and damage and loss was thereby occasioned to said Haven Holding Company and to said plaintiff to the amount of Two Thousand dollars in such circumstances as to come within the promise and undertaking of said policy, and to render liable and oblige the said defendant to insure the said Haven Holding Company and the plaintiff to the said amount of Two Thousand dollars on the property aforesaid, of which loss the defendant had due notice, to-wit: October 19th, 1935, * * *

"That on November 1st, 1935, the said Haven Holding Company, duly assigned and transferred all of its right, title, claim and interest under said insurance policy and the proceeds therefrom to the plaintiff as evidenced by original thereof, ready to be produced in court and copy hereunto attached and expressly made a part hereof as if set out herein *haec verba,* and that plaintiff is now the payee and beneficiary of and under the said insurance policy and the proceeds therefrom; * * *"

The policy contained the following provisions:

"If fire occurs the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best

possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured, and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire; * * *"

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceedings on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.'

Defendant filed plea in abatement, as follows:

"By the terms of the Policy sued on, it is expressly provided that if fire occurs the assured shall, within sixty days thereafter, unless such time is extended in writing by the insurer, render a statement to the insurer, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value

of each item thereof, and the amount of loss thereon, all encumbrances thereon, all other insurance, whether valid or not, covering any of said property, and a copy of all descriptions and schedules in all policies, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of the policy and by whom and for what purpose the building was occupied at the time of the fire, and yet so it was that this action was brought without the furnishing of said statement, and without any waiver by the defendant of the duty of the plaintiff to furnish the same, and without any extension of time for furnishing the same having been endorsed on said policy or otherwise allowed. The said policy further expressly provides that any loss thereunder shall not become payable until sixty days after the aforesaid statement is received by the insurer. The said policy further expressly provides that no suit or action thereon for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements."

To which plaintiff filed replication, as follows:

"That it is true that the said policy of insurance sued upon contains the covenants, stipulations, and agreements set forth and contained in said plea; but the plaintiff avers that the said defendant waived the requirements on the part of this plaintiff contracted to be performed and done by it and its assignor as stipulated and set forth in said plea by unconditionally denying, prior to the institution in this suit, any liability under the policy of insurance herein sued upon.

"Whereupon, plaintiff alleges that the defendant is estopped from denying liability under said policy of insurance sued upon herein by reason of the existence of any grounds set forth in said plea in abatement."

The plea in abatement and replication presented the issues made by the parties. The parties to an action are bound by the issues made in their pleadings. See Conrad v. Jackson, 89 Fla. 2, 103 So. 113; Logan v. Board of Public Instruction, 118 Fla. 184, 158 So. 720.

The defendant proved the allegations of its plea in abatement and the plaintiff failed to prove any facts upon which a jury would have been warranted in determining the issues made by the pleadings in favor of the plaintiff. Therefore, it became the duty of the trial judge to direct a verdict in favor of the defendant. Sec. R. G. S., 4363 C. G. L.; Stephens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Fla. East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842; Biscayne Trust Co. v. Penn. Sugar Co., *et al.,* 103 Fla. 155, 137 So. 147; Gardner v. Goertner, 110 Fla. 337, 149 So. 186.

There is much discussion of other matters in the briefs but a discussion of them by us is not essential to the disposition of the case. If defendant had failed to prove his plea, which the replication treated and recognized as a good plea, then judgment should have been in favor of plaintiff, or, if plaintiff had proved the allegations of his replication, he would have been entitled to judgment.

The court tried the issues tendered.

On consideration of the entire record we find no reversible error is made to appear. The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.