**WHALE HARBOR SPA, INC., Appellant,**

**v.**

**Thomas E. WOOD, as Executor of the Estate of Dorothy W. Wood, Deceased, Appellee.**

**No. 17315.**

United States Court of Appeals Fifth Circuit.

May 15, 1959.

Phillip Goldman, Miami, Fla., for appellant.

Paul L. E. Helliwell, Miami, Fla., Timothy S. Hogan, Cincinnati, Ohio, Helliwell, Melrose & Sanderson, Miami, Fla., Cohen, Baron, Druffel & Hogan, Cincinnati, Ohio, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Whale Harbor Spa, Inc., is a Florida corporation. Its stock was owned in equal shares by Dorothy W. Wood and Al B. Luckey. The corpora-

tion was managed by Luckey. The Luckey and Wood families had been close friends over a period of many years. Between May 1, 1946, and October 14, 1948, Mrs. Wood made six open loans aggregating $24,750 to the corporation. These loans were not evidenced by promissory notes or other written obligation. On July 10, 1950, Mrs. Wood loaned the corporation $5,000 upon its demand note. On April 7, 1947, the corporation paid Mrs. Wood $3,000 on account. The amount of the advances unpaid remains at $26,750. The indebtedness was set up on the corporation's books and was carried as a liability of the corporation to Mrs. Wood. On July 10, 1950, the corporation, by an endorsement on a letter from Mrs. Wood's agent, acknowledged the existence of the indebtedness and the amount of it. From at least as early as November, 1952, and at intervals of never more than six months, the bookkeeper of the corporation, at the direction of Luckey, sent to Mrs. Wood or her agent profit and loss statements and balance sheets of the corporation. The balance sheets showed an indebtedness to Mrs. Wood of $26,750. After the death of both Mrs. Wood and Luckey, the executor of Mrs. Wood brought suit against the corporation for the amount of the unpaid advances. The corporation did not deny that the loans had been made nor did it contend that payment had been made. Its sole defense is that the indebtedness is barred by the Florida statute of limitations. The plaintiff, as executor of Mrs. Wood's estate, contended that the balance sheets were written acknowledgments of the debt sufficient to toll the statute, and further contended that the corporation was equitably estopped to plead the statute of limitations. The court, after a trial without a jury, determined that no part of the debt was barred by the statute of limitations and entered judgment against the corporation. It has appealed.

It is not questioned that the period of limitation has run and that the statute of limitations [1] is a bar to recovery unless the statute has been tolled or the corporation is estopped to assert it. The Florida statute requires that "Every acknowledgment of or promise to pay a debt barred by the statute of limitations, must be in writing and signed by the party to be charged." F.S.A. § 95.04. This statute does not apply to promises made before the expiration of the period of limitations, and verbal promises made before the cause of action had run will take the cause of action out from the operation of the statute. Welles-Kahn Co. v. Klein, 81 Fla. 524, 527, 88 So. 315; Jacksonville American Publishing Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672; Gerstel v. William Curry's Sons Co., 157 Fla. 216, 25 So.2d 560. Where there is a distinct acknowledgment in writing of the debt, a promise to pay it will be inferred. Hall v. Brown, 80 Fla. 481, 86 So. 277; 54 C.J.S. Limitations of Actions § 309, p. 379.

The precedents of the decided cases point to a rule, which we think is sound in principle, that the requirement of an acknowledgment of an indebtedness which will interrupt the running of the statute of limitations is met by a balance sheet of a corporate debtor where the obligations in question are listed as liabilities of the corporation. Victory Investment Corporation v. Muskogee Electric Traction Co., 10 Cir., 1945, 150 F.2d 889, 161 A.L.R. 1436, certiorari denied 326 U.S. 774, 66 S.Ct. 232. 90 L.Ed. 467; Cummings v. Langroise, D.C.Idaho 1940, 36 F.Supp. 174, affirmed 9 Cir., 123 F.2d 969, certiorari denied 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1741; Bank of Amer-

1. "Actions other than those for the recovery of real property can only be commenced as follows: * * * (3) *Within five years.*—An action upon any contract, obligation or liability founded upon an instrument of writing not under seal.

* * * (5) *Within three years.* * * (e) An action upon a contract, or obligation or liability not founded upon an instrument of writing * * *." F.S.A. § 95.11.

ica Nat. Trust & Savings Ass'n v. Hunter, 8 Cal.2d 592, 67 P.2d 99; In re Meyrowitz' Estate, Sur., 114 N.Y.S.2d 541, affirmed 284 App.Div. 801, 132 N.Y.S.2d 327, appeal denied 284 App.Div. 844, 134 N.Y.S.2d 587. The holdings of Glass v. Dricborg, 296 Mich. 30, 295 N.W. 547, and Weir v. Bauer, 75 Utah 498, 286 P. 936, are not in conflict with the conclusion which we have reached.

No error is shown in the judgment of the district court for the appellee. That judgment is

Affirmed.