DAUKSCH, Judge.
The question is whether or not the inclusion of a debt on a tax return or a financial statement is sufficient acknowledgement to toll the statute of limitations. We hold that it is and that the debt is enforceable here.
Mr. Bosworth died owning 49% of the stock in the appellant corporation. The balance was owned by his secretaries and bookkeepers; the two ladies owned 25% each, and one share was owned by his lawyer. ■ Apparently Mr. Bosworth was the primary operator of the business and saw to the daily operation while he was alive. He started the business and, when necessary, kept it going by loaning money to it. After Mr. Bosworth died the corporation carried on its balance sheet an entry acknowledging notes payable to the Estate of W. G. Bosworth. On its December, 1973 balance sheet (year end) there is a notation that the stockholders “voted ... to cancel a debt alleged to be owed by the corporation to the estate . . .” Further, in response to a request for admissions, the surviving stockholders admitted the corporation received “but not borrowed” the amount of $27,806.50. The trial court entered judgment in that amount plus interest.
It was agreed by all parties and the record supports the fact that the statute of limitations had run on the debts since no notes were produced and the four year limit under Section 95.11, Florida Statutes (1975) was applicable. Section 95.04, Florida Statutes (1975) provides “an acknowledgement of . . .a debt barred by a statute of limitations must be in writing and signed by the person sought to be charged.” Both the balance sheets and the income tax returns were signed by the accountant for the corporation and the return was also signed by one of the stockholders of the corporation who was a party to this suit. It does not appear in the record that Appellants offered any evidence to refute the acknowl-edgement of the debt.
In Whale Harbor Spa, Inc. v. Wood, 266 F.2d 953 (5th Cir. 1959) the Fifth Circuit held that the inclusion of a debt on a balance sheet was sufficient acknowledgment to toll the statute and infer a promise to pay. See also Hall v. Brown, 80 Fla. 481, 86 So. 277 (1920). The trial court in this case held likewise and we affirm.
AFFIRMED.
ALDERMAN and LETTS, JJ., concur.