**In re KESSLER MANUFACTURING CORP., Debtor.**

**Bankruptcy No. 88–05128–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 29, 1989.

Weitzner & Russo, P.A., Arthur S. Weitzner, Miami, Fla., for trustee.

Jefferey A. Sarrow, P.A., Jefferey A. Sarrow, Plantation, Fla., for claimant.

#### MEMORANDUM ORDER ON TRUSTEE'S OBJECTION TO CLAIMS OF SEYMOUR KESSLER

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE, having come before this Court on October 25, 1989 upon the Trustee's objections to the general unsecured claims filed by Seymour KESSLER, and having considered the arguments provided by counsel for Mr. KESSLER in his letter of November 3, 1989, together with the Trustee's Memorandum, and having heard the evidence presented, this Court does hereby make findings of fact and conclusions of law and enters its order as follows:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. Sections 1334(b), 157(a) and (b), and the District Court's general order of reference. This is a core proceeding, as defined by 28 U.S.C. Section 157(b)(2)(B), in which this Court is authorized to hear and determine all matters related to this case. The Trustee's objection to Mr. KESSLER'S claims were made pursuant to Bankruptcy Rule 3007.

The within captioned Debtor filed Chapter 7 proceedings on December 15, 1988. Its principal, and sole stockholder, is the claimant Seymour KESSLER (hereinafter CLAIMANT), who has filed claims number 19 and 20. Both claims are in the amount of $185,859.16 each, and are admitted by the CLAIMANT to be duplications of the same claim. As a result, this Court is disallowing claim number 20 filed by CLAIMANT, and will treat his claims as one claim in the following discussion. The basis of his claim is alleged loans advanced to the Debtor.

At the hearing on the Trustee's Objection to Claims, the CLAIMANT presented the Debtor's 1987 and 1988 financial statements to the COURT as written evidence of the CLAIMANT'S claim. As a result of the discussion that followed, this COURT posed an issue—whether these financial statements are sufficient to toll the statute of limitations or otherwise take this action outside of its scope? The parties were directed to present memorandums in support of their positions on the issues raised by this COURT'S inquiry.

At said hearing, it was also decided to categorize these loans into two groups: (1) more recent loans, made within the last five years (within the current limitations

period), and supported by documentation acceptable to the Trustee, and (2) older loans made in 1979 for the purpose of capitalization of the Debtor, and not supported by sufficient documentation.

With respect to category (1) loans, the CLAIMANT has provided copies of 22 checks, payable to various entities by the CLAIMANT. In addition, based upon the 1987 financial statement, there appears to be no dispute that the limitations period for category (1) loans should be extended back to December 31, 1983 for undocumented loans (four years prior to the 1987 financial statement), or to December 31, 1982 for documented loans (five years prior to the 1987 financial statement). This extension of category (1) loans is based upon the decision set forth in *Whale Harbor Spa, Inc. v. Wood*, 266 F.2d 953, 954 (5th Cir. 1959), which is discussed more fully below.

As a result of these checks and the above extension applicable to category (1) loans, the amount of $12,537.77 is no longer disputed by the Trustee. This Court will allow Mr. KESSLER'S claim in that amount. However, the Trustee continues to object to three of the checks dated in 1982, checks numbered 154, 200, & 208. Said objection is based upon the Trustee's assertion that the applicable statute of limitations had expired for these loans, for the same reasons it had expired for the 1979 loans. This Court agrees with the Trustee on this point and includes two of the three alleged loans represented by these checks in its discussion of category (2) loans. The third check, number 200, in the amount of $14,000.00 does not constitute evidence of a loan to the corporation. It is a check from CLAIMANT payable to the CLAIMANT— not to the Debtor or one of its creditors. As a result, this portion of CLAIMANT'S claim must be disallowed.

In support of that portion of CLAIMANT'S claim relating to category (2) loans, the CLAIMANT has offered copies of the Debtor's unaudited financial statements for the years 1987 and 1988, prepared by an independent accountant, who is not an employee of the Debtor. These financial statements are accompanied by a cover letter, signed by the preparer, which states that the attached financial statements are the representation of management. The financial statements are otherwise unsigned. These two financial statements disclose a long term shareholder loan, approximately equal to the amount of CLAIMANT'S claim. However, no creditor of the Debtor was ever shown these financial statements, or otherwise made aware of the Debtor's alleged obligation to its principal.

The Trustee asserts that these disputed category (2) loans are nevertheless barred by the Statute of Limitations set forth in FLA.STAT. Section 95.11(3)(k), which provides:

> Actions other than for recovery of real property shall be commenced as follows:
>
> (3) Within four years.—
>
> (k) A legal or equitable action on a contract, obligation, or liability not founded on a written instrument ...

The CLAIMANT in this case has testified that a promissory note or written loan agreement was never executed for the 1979 loans. As a result, the four year limitations period set forth above applies to CLAIMANT'S alleged 1979 loans. Assuming arguendo that the 1982 checks presented by the CLAIMANT are sufficient documentary evidence of a loan, they fall under the five year limitations period set forth in FLA.STAT. Section 95.11(2).

There is no question that both limitation periods have expired in this case. Approximately 10 years have expired between the time of the 1979 loans, and the filing of CLAIMANT'S claims herein. In addition, over 6 years have expired subsequent to the 1982 loans, wherein a five year limitations period applies.

■ However, the CLAIMANT asserts that the 1987 and 1988 financial statements restart the limitations clock on the otherwise barred debts. In support of this assertion, the CLAIMANT cites the general rule that the acknowledgment of a debt or obligation on a financial statement *during* the limitations period is sufficient to interrupt and restart the clock. *Whale Harbor*

*Spa, Inc. v. Wood,* 266 F.2d 953, 954 (5th Cir.1959); *Sebastian Enterprises, Inc. v. Florida First National Bank at Vero Beach,* 345 So.2d 827, 828 (Fla. 4th DCA 1977).

However, the rule set forth in the above cases, including *Whale Harbor,* applies only to acknowledgment of debts, made *during* the running of the limitations period. *Id.* The effect of a balance sheet or oral acknowledgement of a debt, made *after* the limitations period has expired, is not within the scope of those decisions. As a general rule, such a fact pattern falls under a different statutory section.

In this case, FLA.STAT. Section 95.04 is controlling, because the alleged acknowledgment of CLAIMANT'S 1979 and 1982 loans occurred after the four and five year limitation periods had expired (8 and 5+ years). FLA.STAT. Section 95.04 provides:

An acknowledgment of, or promise to pay, a debt barred by a statute of limitations *must be in writing and signed by the person sought to be charged.* (Emphasis added).

Under this Section, there appears to be no Florida cases wherein a barred debt was acknowledged for the first time in a financial statement, *after* the limitations period had expired. However, the lack of cases with this fact pattern is easily understandable. Under normal business conditions, most corporations do not wait 8 to 9 years after incurring a debt, before they begin to report it on the company's financial statements.

█ Moreover, the requirements of FLA. STAT. Section 95.04, applicable to this case, have not been met by the CLAIMANT. The signature of an independent accountant on the cover letter to the financial statements is not "signed by the party to be charged" as required by FLA.STAT. Section 95.04. In this case, the accountant is not the party to be charged, nor does he have any authority whatsoever to bind the company to the repayment of an otherwise barred debt. Only a person with authority to bind the company can acknowledge an otherwise barred debt. *See, Rickenbach v. Noecker Shipbuilding Co.,* 66 N.J.Super.

580, 169 A.2d 730 (1961) (Financial statements prepared and signed by accountant were not "signed by the party to be charged" so as to acknowledge an otherwise barred debt, because accountant did not have the authority to bind the corporation to a contractual debt).

█ In addition the financial statements in question are not a sufficient contractual acknowledgement of the debt, otherwise barred by the statute of limitations. As a general rule, a promise to pay a barred debt must be unconditional, and indicate a willingness to pay. *Cosio v. Guerra,* 67 Fla. 331, 65 So. 5, 6 (1914); *Johnson v. Harrison Hardware & Furniture Co.,* 119 Fla. 470, 160 So. 878, 879 (1935); *Coker v. Phillips,* 89 Fla. 283, 103 So. 612, 614 (1925); *Knowles Bros. Agency v. Larkin,* 132 Fla. 667, 181 So. 896, 897 (1938). Moreover, the new promise must stand or fall upon its own terms, i.e. it must be an enforceable contract in and of itself. *Id.* The new promise must be clear and definite in its terms, and forms the basis of the new cause of action. *Id; see also, Wassil v. Gilmour,* 465 So.2d 566, 568 (Fla. 3rd DCA 1985). In this case, the financial statements are not enforceable contracts, especially when the principal of the company is promising to repay to himself an alleged loan therein.

In accordance with the above findings of fact and conclusions of law, this Court enters its Order as follows:

1. That claim number 9, filed by Seymour KESSLER, 21719 Arriba Real, # E, Boca Raton, Fl 33433, and C/o Jefferey A. Sarrow, 8211 W. Broward Blvd., Suite 350, Plantation, Fl 33324, is allowed as a general unsecured claim in the amount of $12,-537.77, and any amount in excess thereof is stricken.

2. That claim number 20 is stricken as a duplicate.

DONE and ORDERED.