GRIFFIN, Judge,
concurring in part; dissenting in part.
I respectfully dissent from the majority’s conclusion that a debt barred by the statute of limitations can be revived absent intent or communication of the acknowledgement by the obligor. Contrary to the position taken by the majority, the weight of modern authority is that:
An acknowledgment or promise must be made either to the creditor or to some one acting for him, or to some third person with intent that it be known by and influence the action of the creditor, in order to take a case out of the statute of limitations.
Grass v. Eiker, 123 A.2d 613, 614 (D.C.1956) (quoting Ernest M. Loeb Co. v. Avoyelles Drainage Dist., 60 F.Supp. 296, 303 (W.D.La.1945)). Thus, acknowledgement of a debt contained in a loan application, an application for fire insurance, an income tax return, a petition filed in court, or even a voluntary proceeding in bankruptcy have been held insufficient. Id.
The only two eases relied on by appellant for the contrary proposition are Sebastian Enterprises, Inc. v. Florida First National Bank at Vero Beach, 345 So.2d 827 (Fla. 4th DCA 1977), and Whale Harbor Spa, Inc. v. Wood, 266 F.2d 953 (5th Cir.1959). These cases, however, involve a materially different situation where the acknowledgement of the debt was made before the debt was barred. Such cases are conceptually distinct. A new promise made before a debt is barred does not create a new contract; it merely fixes a *86 new date from which the statute runs. 51 Am.Jur.2d Limitations of Actions § 320 (1970). Florida is one of the majority of jurisdictions that treats an acknowledgement of a barred debt as a new promise. As was explained by the Third District Court of Appeal in Wassil v. Gilmour, 465 So.2d 566, 568 (Fla. 3d DCA 1985):[1]
[Fjlorida law is that the new promise creates a new and independent cause of action on that separate undertaking. Tate v. Clements, 16 Fla. 339 (1878); Cosío v. Guerra, 67 Fla. 331, 65 So. 5, 6 (1914); Vinson v. Palmer, 45 Fla. 630, 34 So. 276 (1903). As is said in Tate v. Clements [16 Fla. 339, 366 (1878) ],
[a]ll the cases declare that it is the new promise that avoids the operation of the statute, and is the contract upon which, if at all, a recovery can be had. The promise is, therefore, the “cause of action,” upon which the plaintiff must rely to maintain this suit, [e.o.]
Logically, therefore, if the acknowledgement of a time barred debt is to revive the debt, it must be promissory in nature. The principal value of the statutory revivor is that no new consideration is required to support the promise to pay. 51 Am.Jur.2d Limitation of Actions § 320 (1970).
Contrary to the majority’s characterization, there is nothing promissory about the “acknowledgement” in this case. Appellant, Robert Nolden, is the father of appellee, Robert P. Nolden, and the father-in-law of the other appellee, Susan Nolden. On March 27, 1985, the appellees executed the subject $25,000.00 promissory note. The appellees only made one payment of $1,000 on April 6, 1986. On September 5, 1986, the appellees filed a joint petition for bankruptcy under Chapter 11; later it was converted to a Chapter 7. Robert Nolden knew of the bankruptcy but was not listed on any schedule of creditors. On June 5, 1989, the Nol-dens were granted a discharge in bankruptcy. Sometime in 1992, the appellees filed for dissolution of their marriage. As part of those proceedings, on February 5, 1993, ap-pellee, Susan Nolden, executed under oath and filed in the dissolution a standard form of financial affidavit as required by Florida Rule of Civil Procedure 1.611(a), listing appellant, Robert Nolden, as a creditor and the amount of the liability as $25,000.
On May 25, 1993, suit was filed by Robert Nolden to recover on the note. Susan Nol-den raised several affirmative defenses, including the statute of limitations. She testified at trial that when she prepared and executed the financial affidavit in connection with her divorce, she did not intend to resurrect or reaffirm any debt to Robert Nolden and she considered the debt to be her husband’s responsibility, not hers. The court entered judgment in favor of Susan Nolden, “because, among other grounds, the statute of limitations has run as to her.” The majority now concludes as a matter of law, that the affidavit created a new promise.
The acknowledgement in this case manifestly lacks any of the characteristics of a promise, including intent, lack of mistake, communication, and delivery. Indeed, in the context of the financial affidavit in this dissolution, Susan Nolden was prudent in listing this liability whether she had the sophistication to know that it might have been barred by a statute of limitation. Robert Nolden’s other contention in this appeal is that the debt was never time barred at all because the statute of limitations was tolled for the entire three year duration of the bankruptcy. It is a stretch to conclude that by listing a possibly time barred debt on a financial affidavit required by law to obtain a divorce, the affiant revives the debt.
The mere listing of a liability that may or may not prove to be time-barred on a financial affidavit in a dissolution proceeding normally will not meet the promissory threshold of section 95.04, Florida Statutes. The financial statement was prepared for the purposes of securing a divorce. It was neither directed at Mr. Nolden nor intended to be forwarded to Mr. Nolden. It is plainly ineffectual to recreate the obligation. See also Bulmer v. *87 Belcher, 22 Ariz.App. 394, 527 P.2d 1287 (Ariz.CtApp.1974).
In my view, given the lack of promissory character of the acknowledgement, the context in which it occurred and the lack of communication of any intent to pay the creditor, this debt was not revived:
An acknowledgement of a debt, to remove the bar of the statute of limitations, must be a distinct, unqualified, unconditional recognition of an obligation for which the person making the admission is liable. If there are accompanying circumstances which repel the presumption or implication of a promise or intention to pay — if the expression is equivocal, vague, or undeter-minate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways — they ought not to go to a jury as evidence of a new promise, to revive the cause of action.
51 Am.Jur. Limitation of Actions § 329 (1970) (footnotes omitted). At most, a question of fact was created which the lower court resolved in favor of Susan Nolden. I would affirm on this issue.
I do agree that the amount of the final judgment seems inconsistent with the record and that appellees make no effort to explain it. I would remand for that purpose only.

. See also Kessler Mfg. Corp., 109 B.R. 516 (Bankr.S.D.Fla.1989) (recognizing distinction and refusing to enforce acknowledgement of debt first appearing in a corporation’s financial statement after debt was barred).