**UNITED STATES of America, Plaintiff,**

v.

**J.R. LaPOINTE & SONS, INC.
and Daniel R. LaPointe,
Defendants,**

**Agway, Inc. and State of Maine,
Department of Transportation,
Parties–In–Interest.**

**Civil No. 96–121–B.**

United States District Court,
D. Maine.

Dec. 30, 1996.

Evan Roth, Office of U.S. Attorney, Portland, ME, for U.S.

Kevin M. Cuddy, Cuddy & Lantham, Bangor, ME, for Defendant.

David A. Dunlavey, Phillips, Olore & Dunlavey, Presque Isle, ME, for Agway, Inc.

Bruce A. Van Note, Maine D.O.T., Legal Services, Augusta, ME, for Maine Dept. of Transportation.

## ORDER AND MEMORANDUM
## OF DECISION

BRODY, District Judge.

This foreclosure action was brought by Plaintiff, the United States, against Defendants, J.R. LaPointe & Sons, Inc. and Daniel R. LaPointe.[1] Plaintiff moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, alleging that no genuine issue of material fact remains in the case. After reviewing all relevant submissions and hearing argument on this matter, the Court agrees with Plaintiff and grants summary judgment for the government.

### I. Background

This once complicated action has been significantly simplified by agreements and stipulations among the parties. The Court was informed by both Plaintiff and Defendants, at the hearing on this matter, that the one remaining dispute is whether the government's suit is barred by the applicable statute of limitations. The material facts of this case are undisputed, hence all that remains is a question of law regarding the statute of limitations that applies to Plaintiff's claim.

On August 31, 1978, June 26, 1979, July 24, 1980, July 14, 1981, and May 28, 1982, Defendants executed and delivered to the Farmers' Home Administration six promissory notes for which the original principal amounts were $162,000, $34,000, $150,000, $146,000, $180,000, and $185,000.[2] On August 31, 1978 and May 28, 1982, Defendants executed and delivered to Plaintiff two real estate mortgages covering property owned by Defendants, located in Cyr Plantation, County of Aroostook, in the State of Maine. These mortgages secured the six promissory notes.

Defendants fell behind on the notes, and, as of December 29, 1995, the principal and interest owed on the notes was $1,799,405.75.[3] Defendants broke the conditions of the two mortgages by failing to make payments required under the terms of the prom-

issory notes. On October 19, 1993, Defendants filed an Application for Settlement of Indebtedness (hereinafter "Application for Settlement") with the government. Plaintiff filed its Complaint in this case on May 3, 1996.

Defendants argue that Plaintiff's Complaint was filed after the applicable six year statute of limitations had run. Plaintiff responds that Defendants' 1993 Application for Settlement was an acknowledgment of the debt that, under law, triggers a new accrual date for the statute of limitations.

### II. Statute of Limitations

■ All actions for money damages brought by the government, or an agency of the government, founded upon a contract are barred unless the complaint is filed within six years from the date upon which the cause of action accrues. 28 U.S.C. § 2415(a). Plaintiff does not contest the fact that its Complaint was filed more than six years after this contract claim first accrued. However, § 2415(a) further states:

[t]hat in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment.

*Id.* The question, therefore, is whether Defendants' Application for Settlement is an acknowledgment of debt under the statute sufficient to restart the statute of limitations on the government's contract claim against Defendants.

■ Offers of settlement are generally not admissible to prove or negate liability. Rule 408 of the Federal Rules of Evidence states that:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or in-

---

1. As is obvious from the caption, other parties are involved in this action, however, they are not relevant to the Court's determination here.

2. The Farmers' Home Administration is now called the Farm Services Agency.

3. In addition to this principal and interest total, there are certain per diem interest and collection costs owed on the notes.

validity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.... This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Plaintiff relies on Defendants' Application for Settlement to restart the statute of limitations. There is very little case law to guide the Court in this area. Defendants argued during the hearing on this matter that there is scant case law dealing with this issue because compromise or settlement offers are inadmissible. However, Rule 408 is not a complete prohibition on the admissibility of settlement offers. As with many rules of evidence, Rule 408 has exceptions. These exceptions represent situations where settlement or compromise offers may be admitted because courts and/or the Advisory Committee have determined that the policy of encouraging settlement is outweighed by other factors. Rule 408 does not exclude use of compromise evidence when it is offered to prove something other than liability for, or invalidity of, a claim or its amount. 23 Charles A. Wright and Kenneth W. Graham, Jr., Federal Practice and Procedure § 5310 (1980). For example, compromise evidence can be admitted to prove the bias or prejudice of a witness, to negate a contention of undue delay, to prove agency, ownership, or control, or to support a claim alleging that an illegal act occurred during the course of settlement negotiations. See Fed.R.Evid. 408; *Lloyd v. Thomas*, 195 F.2d 486, 491 (7th Cir.1952). This is an illustrative, not an exhaustive, list of the many exceptions to the Rule 408 prohibition.

The acknowledgment of a debt under § 2415(a) is an exception to the Rule 408 prohibition. The First Circuit held that listing a debt as a liability on an estate return was admissible as an acknowledgment of the debt and was sufficient to restart the statute of limitations under § 2415(a). *Federal Deposit Insurance Corporation v. Cardona*, 723 F.2d 132, 137 (1st Cir.1983). The Fourth Circuit held that listing a debt on financial statements provided to the Small Business Administration serves as an acknowledgment of the debt "sufficient to start anew the running of the limitations period as stated in § 2415(a)." *United States v. Culver*, 958 F.2d 39, 41 (4th Cir.1991) (citing *Cardona*, 723 F.2d at 137; *Buxton v. Diversified Resources Corp.*, 634 F.2d 1313 (10th Cir.1980), cert. denied, 454 U.S. 821, 102 S.Ct. 105, 70 L.Ed.2d 93 (1981); *Whale Harbor Spa, Inc. v. Wood*, 266 F.2d 953 (5th Cir.1959)).

Of the few cases addressing this issue, *Midstates Resources Corp. v. Farmers Aerial Spraying Service, Inc.*, 914 F.Supp. 1424 (N.D.Tex.1996) is the most helpful, as it presents a factual situation remarkably similar to that before the Court here. In *Midstates Resources Corp.*, the controversy was whether a settlement letter from one of the parties was sufficient to restart the otherwise expired limitations periods on the contract claims in question. After discussing § 2415(a), the district court determined that the settlement letter was an acknowledgment sufficient to restart the running of the limitations period. The letter was a request to the Federal Deposit Insurance Corporation that the agency begin settlement negotiations concerning the defendants' debts. The court held "that the letter restarted all relevant limitations periods running, and consequently, the suit is not time barred." *Midstates Resources Corp.*, 914 F.Supp. at 1427.[4]

This Court finds the court's decision in *Midstates Resources Corp.* persuasive. In this case, the government is not offering Defendants' Application for Settlement to prove Defendants' liability for the defaulted loan amounts. Defendants, in fact, stated

---

4. The *Midstates Resources Corp.* decision is supported by a leading authority on evidence, which states:

Another category of permissible use involves cases in which the compromise activities result in a waiver of or an estoppel to assert some procedural or substantive right.... The use of compromise evidence to show the revival of a debt barred by the statute of frauds or statute of limitations may also fall under this category. 23 Charles A. Wright and Kenneth W. Graham, Jr., Federal Practice and Procedure § 5314 (1980).

during the hearing that there is no longer any controversy over the fact that the Defendants defaulted on these loans. Also, the amount owed has been agreed to by the parties. Rule 408 does not bar the 1993 Application for Settlement from restarting the statute of limitations for Plaintiff's claims against Defendants.

Defendants' Application for Settlement was an acknowledgment of debt sufficient to restart the statute of limitations pursuant to 28 U.S.C. § 2415(a). The statute, therefore, has not run on this action, and Plaintiff's Motion for Summary Judgment is GRANTED.

*SO ORDERED.*