Meyer v. Buderus Hydronic Sys       CV-99-530-SD   01/20/99

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Karen Meyer

        v.                                 Civil No. 98-530-SD

Buderus Hydronic Systems, Inc.


                           O R D E R


        Defendant Buderus Hydronic Systems, Inc. (BHS) moves,

pursuant to Rule 12(f), Fed. R. Civ. P.,[1] to strike two

paragraphs of plaintiff's complaint.  Document 11.  Plaintiff

objects.  Document 13.


1.  Background

        This is an employment discrimination action alleging

violations of the Equal Pay Act, 29 U.S.C. § 206(d) (Count I);

gender discrimination, 42 U.S.C. § 2000e, et seq. (Count II); age

---

        [1]Rule 12(f), Fed. R. Civ. P., provides:

                On motion made by a party before responding to a
                pleading or, if no responsive pleading is
                permitted by these rules, upon motion made by a
                party within 20 days after the service of the
                pleading upon the party or upon the court's own
                initiative at any time, the court may order
                stricken from any pleading any insufficient
                defense or any redundant, immaterial, impertinent,
                or scandalous matter.

discrimination, 29 U.S.C. §§ 623(a)(1), 631(a), et seq. (Count III); and retaliation (Count IV).

Plaintiff's complaint was filed September 17, 1998. Document 1. Defendant's answer was filed December 21, 1998. Document 12. The motion at issue was also filed December 21, 1998.[2]

By its motion, BHS, invoking Rule 408, Fed. R. Evid.,[3] seeks to strike references to its pre-litigation offer of a "bonus" in exchange for release by plaintiff of her claims of

_____

[2]This complies with the time requirements of filing mandated by Rule 12(f).

[3]Rule 408, Fed. R. Evid., provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

discrimination.  Such references are set forth in paragraphs 51[4] and 98[5] of the complaint.

Plaintiff argues that the allegations of paragraphs 51 and 98 of the complaint fall within the exceptions to exclusion of Rule 408 in that they are references, not to attempts at compromise, but to plaintiff's utilization of the internal complaint procedures of BHS.[6]

## 2.  Discussion

Disfavored, but submitted to the discretion of the court, 2 MOORE'S FEDERAL PRACTICE § 12.37[1] (Matthew Bender 3d ed. 1997), motions to strike that succeed require a clear showing that the challenged matter "'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the

---

[4]Paragraph 51 of the complaint reads, "The company's attorneys offered Ms. Meyer a one-time, $3,000 'bonus' for which she was asked to sign a release of claims."

[5]Paragraph 98 of the complaint reads,

> Instead, Buderus attempted to couch a payment in exchange for a release as a "bonus" and withheld a recommended raise, demoted her, substantially diminished her job responsibilities, relocated her to a substantially inferior office, and otherwise made the terms and conditions of her employment hostile to punish her for having complained about Buderus' employment practices.

[6]For a discussion of utilization of internal complaint procedures in employment discrimination cases, see Hart v. University System of N.H., 938 F. Supp. 104 (D.N.H. 1996).

defendants.'" Id. § 12.37[3], at 12-95 (quoting FRA S.p.A. v. Surg-O-Flex of America, Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976) (citations omitted)).

Designed "to facilitate the settlement of disputes by encouraging the making of offers to compromise," S.A. Healey Co. v. Milwaukee Metropolitan Sewerage Dist., 50 F.3d 476, 480 (7th Cir. 1995) (citations omitted), Rule 408 is subject to a number of exceptions. See, e.g., Urico v. Parnell Oil Co., 708 F.2d 852, 854 (1st Cir. 1983); United States v. J.R. LaPointe & Sons, Inc., 950 F. Supp. 21, 23 (D. Me. 1996). But in an employment discrimination case where a proffer of money is conditioned on abandonment or modification of an employee's claims, it falls within the parameters of conduct made in the course of compromise negotiations. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 909 (2d Cir. 1997); Pierce v. F.R. Tripler & Co., 955 F.2d 820, 826-29 (2d Cir. 1992).

In this case, the money proffered was conditioned on the execution of a release of plaintiff's claims, and evidence of such negotiations is not admissible under Rule 408. The court finds that use of the term "bonus," rather than the terms "compromise" or "offer," does not change the circumstances of what it finds here to be compromise negotiation.

The defendant's motion is accordingly granted in its entirety with respect to paragraph 51 of the complaint. As

4

concerns paragraph 98, only that portion is to be stricken contained in lines 1 and 2, as follows: "attempted to couch a payment in exchange for a release as a 'bonus' and."

## 3. Conclusion

For the reasons hereinabove outlined, the court has granted defendant's motion to strike paragraph 51 of the complaint in its entirety but has granted defendant's motion to strike paragraph 98 of the complaint only in part as specifically indicated.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 20, 1999

cc:  Eleanor H. MacLellan, Esq.
     John A. Houlihan, Esq.