432 So.2d 778 (1983)
Charles G. CHAPLIN, Appellant,
v.
ESTATE OF Joanne H. COOKE, Appellee.
No. AP-335.
District Court of Appeal of Florida, First District.
June 10, 1983.
Russell H. Showalter, Jr. of Duszlak & Showalter, Jacksonville, for appellant.
Aaron K. Bowden, Jacksonville, for appellee.
THOMPSON, Judge.
Chaplin appeals from a final judgment finding him liable on a promissory note, and contends the trial judge erred in finding the statute of limitations had not run on the note. We agree and reverse.
On November 15, 1972, Chaplin executed a promissory note to his ex-wife who, at the time of her death, was known as Joanne H. Cooke. The note was in the amount of $30,000, payable in three equal annual principal installments of $10,000 each plus interest. The first installment due November 15, 1973 and the second installment due November 15, 1974, were not paid and on December 3, 1974, Mrs. Cooke's attorney wrote Chaplin a letter demanding payment. On December 30, 1974, Chaplin tendered the accrued interest due on the note and promised to commence paying off the principal in 1975. On December 12, 1975, no payment *779 had been made and Mrs. Cooke's attorney again wrote appellant demanding payment. By letter dated January 14, 1976, appellant again tendered the accrued interest due on the note and promised in writing to begin payment on the principal "next year". No further payment of principal or interest was made and the personal representative of the estate of Mrs. Cooke did not file this action to collect the debt until December 29, 1981.
The parties and the trial judge all agreed the applicable statute of limitations on the note was five years and that the running of the statute was tolled by Chaplin's last interest payment. In the final judgment the trial judge ruled that the letter of January 14, 1976, which accompanied the interest payment tendered on that date and in which Chaplin promised to begin payment of the principal "next year," was a new promise to pay and that the statute of limitations began to run on the date the payment was promised, which was "next year" or January 1, 1977 at the earliest, and not when the promise was made. Accordingly, the trial judge found that the statute of limitations could not have run prior to January 1, 1982, and that the complaint filed on December 29, 1981 was timely.
Prior to 1974, there was no statutory enumeration of facts or circumstances which would toll the running of time under any statute of limitations although a number of such circumstances or facts had developed through case law. In 1974 the legislature enacted § 95.051, Fla. Stat., which provided that the running of time under any statute of limitations was tolled by certain listed circumstances and further provided in subsection (2) that "[n]o disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law." In 1975 the legislature added § 95.051(1)(f) which provided that the running of time was tolled by "[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument." This is the only subsection dealing specifically with written instruments and acts which would toll the running of time on written instruments. Under the provisions of § 95.051(1)(f), the only act which would toll the time for the running of the statute of limitations was the payment of any part of the principal or interest, since any contrary case law was superseded by § 95.051. As the last payment of interest was made on January 14, 1976, the five-year statute of limitations on the note began to run on that date. The statute of limitations ran on January 14, 1981, and the action filed by the personal representative on December 29, 1981 was untimely.
REVERSED.
ERVIN and WIGGINTON, JJ., concur.