465 So.2d 566 (1985)
Mary B. WASSIL, Appellant,
v.
James GILMOUR, Appellee.
Nos. 84-1375, 85-232.
District Court of Appeal of Florida, Third District.
March 12, 1985.
Rehearing Denied April 8, 1985.
*567 Pardo & Pardo and Joseph Pardo, Miami, for appellant.
Gilmour, Morgan & Rosenblatt and Victor Lance, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
In 1980, Mary Wassil sued James G. Gilmour, an attorney who is her former son-in-law, for $16,600, representing $20,500 she had allegedly lent him in three payments during 1970, when he was going to school and married to her daughter, less $3,900 he later repaid. Gilmour defended on the grounds that the transactions were gifts and that the action was barred both by the statute of limitations, Sec. 95.11(5)(e), Fla. Stat. (1973) (three years); Sec. 95.11(3)(k), Fla. Stat. (1975) (four years), and the "one year performance" portion of the statute of frauds. Sec. 725.01, Fla. Stat. (1981). At the conclusion of the jury trial, at which Wassil and Gilmour were the only witnesses, the trial court reserved ruling on the defendant's motion for directed verdict on the two statutory grounds. In answers to special interrogatories, the jury found that the 1970 transfers had indeed been loans, but that repayment was not intended for over a year thereafter. On the latter basis, the conclusion that the statute of frauds applied, the court entered judgment for Gilmour. While this appeal from that determination was pending, the trial judge, pursuant to our relinquishment of jurisdiction for that purpose, also ruled that the action was foreclosed as a matter of law[1] by the statute of limitations.[2] We affirm on the latter ground.[3]
*568 A degree in advanced mathematics is not required to conclude that the number of years between 1970, or 1971-1974 when the loan was to be repaid, Central National Bank of Miami v. Central Bancorp., Inc., 411 So.2d 358 (Fla. 3d DCA 1982),[4] and 1980 is more than either the three years applicable at the beginning of the period or the four years applicable when the suit was filed. Ms. Wassil makes a single contention in avoidance of the thus apparently clearly-established limitations defense. She argues that the statutory bar has been lifted, and a jury question created, by her testimony (which was disputed by Gilmour) that he repeatedly, indeed "every other month" from 1970 to the date of filing, kept promising to pay her back. It is indeed a Florida doctrine that such an acknowledgment  even an oral one if it is made prior to the expiration of the limitations period[5]  has the effect of restarting the statute from the date of the new promise. Jacksonville American Publishing Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940); Kitchens v. Kitchens, 142 So.2d 343 (Fla. 2d DCA 1962). Moreover, although we have discovered no authority directly on point, there is no reason why this rule may not, as in this situation, permit seriatim or repeated extensions of the statute dating successively from one promise made within the statute of limitations to the next and the next until one or more occurs within the critical time before the filing of suit.
Notwithstanding, because the pleadings upon which the action was tried and decided below do not reflect this theory, it may not be applied to this case. Unlike the rule in many jurisdictions, in which the subsequent promise merely extends the period for suing on the original obligation, 51 Am.Jur.2d Limitations of Actions § 320 (1970), the Florida law is that the new promise creates a new and independent cause of action on that separate undertaking.[6]Tate v. Clements, 16 Fla. 339 (1878); Cosio v. Guerra, 67 Fla. 331, 65 So. 5, 6 (1914); Vinson v. Palmer, 45 Fla. 630, 34 So. 276 (1903). As is said in Tate v. Clements,
[a]ll the cases declare that it is the new promise that avoids the operation of the statute, and is the contract upon which, if at all, a recovery can be had. The promise is, therefore, the "cause of action," upon which the plaintiff must rely to maintain this suit. [e.o.]
16 Fla. at 366. The complaint in this case, however, was not, as is thus required, based upon any of Gilmour's alleged new promises to repay within four years of the complaint, but explicitly upon the 1970 loan alone.[7] The complaint was not amended, or *569 sought to be amended in any way[8] during the course of the proceedings below. And the fact that Gilmour did not object to plaintiff's testimony concerning his subsequent promises did not result in his impliedly consenting to the trial of the "new contract" issue so as to result, under Fla.R. Civ.P. 1.190(b), in its being treated as raised in the pleadings even in the absence of a formal amendment. This is so because the evidence in question was relevant, so that an objection could not properly have been asserted, to an issue which was directly raised in the existing pleadings and was being tried  whether the 1970 transfers were loans or gifts. See Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980), pet. for review denied, 392 So.2d 1373 (Fla. 1980) and cases cited. On the undisturbed complaint which was before the court, the 1970 loan sued upon was barred by the statute of limitations. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981); Landers v. Milton, 370 So.2d 368 (Fla. 1979); see generally, Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (1985); Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). The trial court therefore correctly entered judgment for the defendant.
Affirmed.[9]
NOTES
[1] No issue relating to the limitations question was submitted to or resolved by the jury.
[2] Even if the trial court had not explicitly so ruled, we would have reached the limitations point as a basis for affirmance under the principle that any ground supporting the judgment which appears in the record must be considered on appeal. In re Estate of Yohn, 238 So.2d 290 (Fla. 1970).
[3] While we technically need not consider the alternative point, we note that it is established that an agreement to repay a loan even more than a year after the money changed hands  and which has by definition thus been completely performed by the lender  is not subject to the one year performance section of the statute of frauds. Purity Maid Products Co. v. American Bank & Trust Co., 105 Ind. App. 541, 14 N.E.2d 755 (1938); Bowman v. Wade, 54 Or. 347, 103 P. 72 (1909); MacDonald v. Crosby, 192 Ill. 283, 61 N.E. 505 (1901); Annot., Performance as taking contract not to be performed within a year out of the statute of frauds, 6 A.L.R.2d 1053, 1111 (1949).
[4] Because Wassil has made no point of it, we are not called upon to determine exactly when the statute began to run. See generally, Annot., Statute of Limitations  Promise to Pay, 14 A.L.R.4th 1385 (1982).
[5] If made after the statute has expired, the new promise must be in writing. Sec. 95.04, Fla. Stat. (1981).
[6] It is for this reason, which necessarily implies that a new limitations period commences with the new undertaking, that we do not believe that sec. 95.051(2), Fla. Stat. (1983), which provides that no nonstatutorily-designated reason "shall toll the running of any statute of limitations" [e.s.], would apply to bar an action upon the new promise. But cf., Chaplin v. Estate of Cooke, 432 So.2d 778 (Fla. 1st DCA 1983).
[7] This is an action for damages that exceeds TWO THOUSAND FIVE HUNDRED ($2,500.00) DOLLARS.
2. That on or about July 22, 1970, Plaintiff lent to Defendant the sum of FIVE THOUSAND DOLLARS ($5,000.00).
3. That on or about August 7, 1970, Plaintiff lent to Defendant the sum of TWO THOUSAND DOLLARS ($2,000.00).
4. That on or about August 25, 1970 Plaintiff lent to Defendant THIRTEEN THOUSAND FIVE HUNDRED DOLLARS ($13,500.00).
* * * * * *
7. Defendant now owes Plaintiff SIXTEEN THOUSAND SIX HUNDRED DOLLARS ($16,600.00) for the money lent to Defendant on or about July 22, 1970 and on or about August 7, 1970 and on or about August 25, 1970, plus interest.
[8] The plaintiff did not, for example, tender a requested jury instruction or interrogatory which reflected that the existence of the new promise was a substantive issue in the case.
[9] While this holding, that the suit on the 1970 promise was precluded by the statute of limitations, probably does not foreclose a subsequent suit to enforce a 1978 or 1979 promise on res judicata grounds, see 32 Fla.Jur.2d Judgments and Decrees § 118 (1981), such an action would ironically now itself likely be barred by the statute of limitations.