PER CURIAM.
We reverse the order granting a new trial on authority of Wassil v. Gilm-our, 465 So.2d 566 (Fla. 3d DCA 1985). An oral acknowledgment by a party, prior to the expiration of the statute of limitations, of a prior written obligation to purchase or sell real estate, creates a new and independent cause of action. The subsequent promise does not extend the period for suing on the original obligation. The trial court was thus correct in its first determination that the action, brought on the original written obligation, was time-barred.[1]
Reversed and remanded with instructions to enter judgment for the appellant.

. Since the action for specific performance was on the original written instrument we need not consider whether an action on the subsequent oral promise would have been precluded by the statute of frauds.