SCHWARTZ, Chief Judge
(dissenting).
The trial judge ruled that the statute of limitations on the present action on the appellant’s guarantee, which admittedly would otherwise have run, was tolled when, within the statutory period, the principal sum was reduced by the amount secured without the appellant’s knowledge from a judicial sale of the collateral on the underlying loan. The Florida law, however, is that partial payment tolls the limitations period only when it is made by the obligor himself and may thus be considered as a subsequent implied promise to pay the remaining balance. Jacksonville Am. Publ’g Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940); Wassil v. Gilmour, 465 So.2d 566 (Fla. 3d DCA 1985); Kitchens v. Kitchens, 142 So.2d 348 (Fla. 2d DCA 1962). Because I cannot agree with the appellee’s argument that any change in this rule has been effected by the enactment of section 95.051(l)(f), Florida Statutes (1975), see Wassil, 465 So.2d at 568 n. 6, or anything else, I would therefore reverse for the entry of judgment in the appellant’s favor.