BLUE, Chief Judge.
Ralph M. Benfield appeals the dismissal with prejudice of his complaint against The Everest Venture Group, Inc., and Brian Abeles seeking collection of a promissory note. The trial court ruled the statute of limitations barred the claim. We conclude that partial payments made on the nóte tolled the applicable limitations period, and therefore, we reverse.
The promissory note at issue was executed in 1986 and called for payment to be made in thirty-six monthly installments beginning in September of 1991. It appears from the record that the installment payments were never made as called for in the note. However, the complaint alleged seven partial payments were made on the note beginning in 1992, with a final partial payment on May 31, 1995. The complaint further alleged that on more than one occasion the partial payments, including the last payment, were accompanied by written acknowledgments of the debt. Benfield filed his complaint for collection of the promissory note on September 8, 1998.
Everest and Abeles argued to the trial court that the acceleration clause contained in the promissory note resulted in a default in 1991 when they failed to make the installment payments. They further argued that once in default, the five-year statute of limitations applicable to an action on the note began to run; thus the complaint filed in 1998 was untimely. The *1022 trial court agreed and dismissed the complaint with prejudice.
Benfield contends the action on the promissory note was timely because of the tolling provision in section 95.051(l)(f), Florida Statutes (1991). The applicable portions of section 95.051(1) state: “The running of the time under any statute of limitations ... is tolled by: ... (f) [t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument.” Everest and Abeles assert this provision does not apply when, as in this case, the acceleration clause in the note results in the entire balance of the debt becoming due and payable upon default in 1991.
Both sides have cited numerous cases in support of their respective positions on the issue before us. None of the cited cases answer the question we are required to resolve. We conclude that section 95.051(1)® is applicable and that partial payments tolled the limitations period. Section 95.051(1)® applies equally to promissory notes, with or without acceleration clauses.[1] Thus, we hold the trial court erred in dismissing Benfield’s complaint as being in violation of the statute of limitations.
Accordingly, we reverse and remand for further proceedings.
WHATLEY and CASANUEVA, JJ., Concur.

. We believe the failure to locate a case on this issue probably results from the clarity of the statute.