920 So.2d 144 (2006)
The CADLE COMPANY, Appellant,
v.
Paula McCARTHA, et al., Appellee.
No. 5D05-1776.
District Court of Appeal of Florida, Fifth District.
February 3, 2006.
Michael C. Caborn, of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for Appellant.
Aldo G. Bartolone, Jr., and Mark C. Filburn, of Ruden, McClosky, Smith, Schuster & Russell, P.A., Orlando, for Appellee.
GRIFFIN, J.
The Cadle Company ["Cadle"] timely appeals a summary final judgment entered in favor of Paula McCartha ["McCartha"] on the basis of the statute of limitations.
This case involves a loan guarantee executed by McCartha on behalf of Central Florida Home Infusion, Inc. ["Central"]. Central had obtained a loan from Barnett Bank of Volusia County ["Barnett"] in the *145 principal amount of $100,000 on May 16, 1996. As security for the loan, McCartha, as the secretary of Central, was required to execute a Continuing Unlimited Commercial Guaranty [the "Guaranty"]. Per the terms of the note, the loan was to be repaid in eighty-four monthly installments. Additionally, under the note the lender's rights upon default included acceleration of the entire unpaid principal balance, all accrued unpaid interest, costs and fees.
Central had a troubled payment history under the loan. Once Barnett merged into NationsBank, Central was notified of acceleration by letter dated December 14, 1998. Despite acceleration, Central made nine partial interest and/or principal payments totaling $65,368.10 to Bank of America, NationsBank's successor. In March 2001, Bank of America assigned the loan to appellant Cadle.
For reasons unknown, Cadle did not file suit on the guaranty until November 30, 2004. McCartha moved for summary final judgment on the basis of the five-year statute of limitations which applies to "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument." See § 95.11(2)(b), Fla. Stat. She contends that each of the monthly payments made by the debtor could have, at most, the same tolling effect as if the note was still in force  that is, the partial payments would toll the statute for a period of one month.
In response to the motion, Cadle argued that the five-year period set forth in section 95.11(2)(b) had been tolled by section 95.051(1)(f), Florida Statutes:
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
* * *
(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.
Cadle attached documents to the response that purportedly demonstrate that the last two payments made on the loan had been received by Bank of America on May 22 and June 13, 2000. Relying primarily on Hospital Constructors, Ltd. v. Lefor, 749 So.2d 546 (Fla. 2d DCA 2000), Cadle contended that the time period was tolled in its entirety until the date the last payment had been made, which was June 13, 2000, meaning that the statute did not expire until June 12, 2005. Because suit was filed within five years of these last payments, Cadle asserted that its suit was timely.
The trial court granted McCartha's motion for summary final judgment, concluding that the statute had begun to run on December 14, 1998, when Bank of America accelerated the loan and that each of the nine payments which Cadle admitted had been paid had suspended the statute for a period of one month, meaning the statute had been tolled for a period of nine months, giving Cadle until September 13, 2004 to file suit. Because suit had not been filed until November 30, 2004, the court concluded the suit was untimely.
Prior to the 1974 enactment of section 95.051, Florida Statutes, Florida law had long recognized that the statute of limitations on a pre-existing debt would be tolled through the date of any new promise to pay the debt, even if the promise was oral, as long as the promise was made prior to the expiration of the limitations period. Jacksonville American Pub. Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940); Kitchens v. Kitchens, 142 So.2d 343 (Fla. 2d DCA 1962); Wassil v. Gilmour, 465 So.2d 566 (Fla. 3d DCA 1985). See also Welles-Kahn v. Klein, 81 Fla. 524, 88 So. 315 (1920) (on rehearing) (explaining that new promise of payment revived the cause of action because it refuted *146 any presumption that the obligation has been paid or discharged.) This exception was apparently eliminated in 1974, when the legislature enacted section 95.051, which provided that the running of time under any statute of limitations was tolled by certain listed circumstances and further provided in subsection (2) that "[n]o disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law." See Ch. 74-382, § 4, Laws of Florida.
Section 95.051(1)(f), the tolling provision involved in this case, was added by the legislature in 1975. See Ch. 75-234, Laws of Florida; Chaplin v. Estate of Cooke, 432 So.2d 778 (Fla. 1st DCA 1983). It provides that the running of time under any statute of limitation would be tolled by "[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument." The section appears to treat a partial payment as the legal equivalent of a promise to pay. By making partial payments on the debt, the debtor recognizes and signifies the intent to honor the obligation. It is not until the payee stops making payment that the creditor is placed on notice that the debtor is no longer willing or able to honor the underlying obligation. Consistent with this viewpoint, the cases that have considered this issue to date indicate that under section 95.051(1)(f), Florida Statutes, the five-year statute of limitations applicable to actions founded on a written instrument, is "tolled" through the date of any partial payment. See Benfield v. Everest Venture Group, Inc., 801 So.2d 1021 (Fla. 2d DCA 2001); Hospital Constructors, Ltd., 749 So.2d 546; Chaplin, 432 So.2d at 778; see also Cuillo v. McCoy, 810 So.2d 1061 (Fla. 4th DCA 2002).
The above-cited cases, as well as the plain meaning of the statute, convince us that, in this case, the statute was tolled through the date of the final payment, which was made on June 13, 2000.[1] Accordingly, this action, filed on November 30, 2004, was timely.
REVERSED and REMANDED.
LAWSON and MONACO, JJ., concur.
NOTES
[1] Hankey v. Yarian, 755 So.2d 93 (Fla.2000), which was relied on by the trial court in holding that this action was untimely, addressed the operation of section 95.051 in resolving the issue posed in that case and is not on point.