957 So.2d 1215 (2007)
SOUTH MOTOR COMPANY OF DADE COUNTY, a Florida corporation, d/b/a South Motors Honda, Appellant,
v.
Edith DOKTORCZYK, Personal Representative of the Estate of Menachem Doktorczyk, Appellee.
No. 3D05-2244.
District Court of Appeal of Florida, Third District.
April 25, 2007.
Rehearing Denied June 14, 2007.
Goldsmith & Atlas, P.A. and Glen R. Goldsmith; Greenberg Traurig, P.A., and *1216 Elliot H. Scherker, and Elliot B. Kula, Miami, for petitioner.
George, Hartz, Lundeen Fulmer, Johnstone, King & Stevens, and Esther E. Galicia, Fort Lauderdale, for respondent.
Before, GERSTEN, GREEN, and RAMIREZ, JJ.

ON MOTION FOR REHEARING
RAMIREZ, J.
Upon consideration of petitioner South Motor Company of Dade County's motion for rehearing, we grant the motion for rehearing. Accordingly, we withdraw this Court's September 1, 2006 opinion, and substitute the following in its stead.
South Motor petitioned for a writ of certiorari seeking to quash a decision of the Circuit Court Appellate Division in which the circuit court reversed a summary judgment entered by the county court based on the expiration of the statute of limitations. Certiorari review is appropriate here where the circuit court appellate division has applied the incorrect law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003); Auerbach v. City of Miami, 929 So.2d 693, 694-95 (Fla. 3d DCA 2006); Morningside Civic Ass'n, Inc. v. City of Miami Comm'n, 917 So.2d 293, 295 (Fla. 3d DCA 2005).
In its discussion of the second-level certiorari standard, the Florida Supreme Court has recognized that second-level review is not intended to serve as a second appeal, and that the phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. See Combs v. State, 436 So.2d 93, 95 (Fla.1983). As the Florida Supreme Court stated in Kaklamanos, however, certiorari review properly lies where, as here, a case calls for the interpretation or application of a statute. Kaklamanos, 843 So.2d at 890. In that case, the Florida Supreme Court determined that the district court correctly granted certiorari on second-tier review because the circuit court's interpretation of the legal issue in question was too narrow and conflicted with the intent and language of the statute under review. Id. at 890-91. The conflict in Kaklamanos, between the circuit court's interpretation and the intent underlying the statute, evidently was sufficient to satisfy the standard that the circuit court had failed to apply the correct law as clearly established. The Florida Supreme Court stated in Kaklamanos that clearly established law can be derived not only from case law, but also from "the interpretation or application of a statute, a procedural rule, or a constitutional provision." Id. at 890. We therefore grant the petition and quash the circuit court's August 22, 2005 order, finding that the Circuit Court Appellate Division's decision departs from the essential requirements of law and results in a miscarriage of justice.
On October 8, 2002, Max Doktorczyk initiated an action against South Motors pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). The suit complained of misrepresentations that South Motors allegedly made nearly six years earlier in connection with the purchase of a used vehicle and an extended warranty. Specifically, in his amended complaint, Doktorczyk alleged, as the sole basis for his FDUTPA claim, that on December 21, 1996, South Motors misrepresented that the factory warranty on the used vehicle had expired and that he was persuaded to purchase a power train warranty.
Section 95.11(3)(f), Florida Statutes (1996), covers "[a]n action founded on a statutory liability," which would apply to *1217 Doktorczyk's FDUTPA claim. The circuit court agreed that Doktorczyk's sole claim was a statutory cause of action, but held that the part payment tolling exception contained in section 95.051(1)(f) was applicable to this statutory claim because it was based on events that "occurred as part of the sales contract transaction." Section 95.051, entitled "[w]hen limitations tolled," provides in pertinent part:
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument. (emphasis added).
The circuit court then proceeds in a convoluted nine-page opinion to convert a statutory action into an action founded on a written instrument.
After quoting extensively from Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997), the circuit court stated that FDUTPA actions
are sometimes necessarily based on a written contract; the underlying transaction. The Court feels that this is such a case. [Doktorczyk] purchased an unnecessary power train warranty that was included and spread out in installments during a period of five years. Based on certain misrepresentations and deceiving practices during the execution of a "written instrument," i.e. the RSIC, [Doktorczyk] purchased an unnecessary warranty which was never refunded. If, as [South Motors] correctly points out, the general statute of limitations in § 95.11(3)(f), Fla. Stat. (2004) applies, then, it logically follows that the part payment tolling exception of § 95.051(1)(f), Fla. Stat. (2004), should apply as well, particularly when the deception occurred as part of the sales contract transaction. [South Motors] is asking this Court to completely disconnect a FDUPTA action from any contract action as if they were entirely unrelated. However, as the Delgado court explained, deceiving practices and unfair trading which takes place during negotiation of a contract or other written instrument, are obviously interrelated. Here, the RSIC, or "1996 finance agreement" as referred to in [Doktorczyk's] amended complaint, was the underlying basis for the deceit. Therefore, this Court finds that [Doktorczyk's] FDUPTA action was necessarily based on a "written instrument," i.e. the RSIC, and, consequently, the tolling provision of § 95.051(1)(f), Fla. Stat. (2004) applies.
A court cannot re-plead the allegations of a complaint to convert a statutory cause of action into one "founded on a written instrument." An action for tortious interference with a contractual relationship is subject to a four-year statute of limitation even if the suit is "necessarily based on a `written instrument.'" If Doktorczyk had sued for fraudulent inducement to enter into the contract, the statute of limitations would be four years, even though it resulted in the execution of a written instrument. The suit that Doktorczyk filed, a suit under FDUTPA, is likewise not converted into an action founded on a written instrument simply because the alleged deception resulted in the execution of a written instrument.
In Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipment, Co., 793 So.2d 1127, 1128 (Fla. 5th DCA 2001), the court stated that, "[s]ection 95.11(3) of the Florida Statutes (1989) provides a four year statute of limitations for tortious interference, and for unfair and deceptive trade practice claims. See § 95.11(3)(f); (o), Fla. Stat. (1989)." (emphasis added). Doktorczyk's amended complaint was based solely on his allegation that South Motors made misrepresentations during the negotiations *1218 prior to forming and executing a contract to purchase a pre-owned automobileand wholly independent of such contract formation and execution. Specifically, Doktorczyk alleged that South Motors misinformed him regarding the status of the automobile's existing factory warranty and correspondingly the advisability of purchasing an extended warranty, contributing to his decision to purchase an overlapping warranty. Doktorczyk did not allege with any particularity anything having to do with the contract formation and execution. He is certainly not suing for any breach of the contract.
A claim is, of course, limited by the allegations in the complaint. See Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561, 563 (Fla.1988). Yet, the circuit court construed Doktorczyk's action as "necessarily based on a written instrument," effectively recasting Doktorczyk's FDUTPA claim. After recasting Doktorczyk's FDUTPA action, the circuit court incorrectly held that "it logically follows that the part payment tolling exception . . . should apply as well, particularly when the deception occurred as part of the sales contract transaction."
The finance agreement referred to by Doktorczyk in his amended complaint, however, was not the basis for the alleged deceit that he asserted in support of his FDUTPA action, and the payments tendered pursuant to the finance agreement thus did not operate to toll the statute of limitation period pursuant to section 95.051(1)(f), Florida Statutes (2004).
The circuit court's holding derives from a misreading of the Delgado case. The issue in Delgado was "whether the economic loss rule has eliminated a claim brought under the FDUTPA when, as [in Delgado], the consumer transaction is based on a written sales contract." Delgado, 693 So.2d at 606. The court held that economic loss rule does not preclude a statutory cause of action under FDUTPA involving consumer transactions based on written sales contracts because the Legislature's intent when it enacted the FDUTPA was to establish a cause of action "independent of any contractual obligation which may exist between the parties." Id. at 610-611.
The circuit court's decision would effectively toll the running of the statute of limitation for all consumer transactions with extended payment plans for at least the life of the payments. This is a complete misapplication of the part-payment tolling provision in section 95.051(1)(f). The statute is obviously intended for those who seek to enforce the obligations under a note when there has been no default under the payments. In those cases, the action has not accrued until there is a default, giving rise to the cause of action. The statute of limitations is tolled while payments (even part-payments) are being made on an installment note. See In re Whittaker, 177 B.R. 360 (N.D.Fla.1994). Without the protection of the statute, a compassionate obligee that accepts sporadic part-payments from the obligor could risk jeopardizing its collection rights.
Here, the cause of action accrued when South Motors sold the unnecessary warranty to Doktorczyk. The payments made for such warranty would merely go to the amount of damages, but the cause of action accrued on the date of sale.
We therefore grant the petition for writ of certiorari and quash the order under review. We further remand the case with directions to affirm the county court's summary judgment in all respects.