WETHERELL, J.
Appellants appeal the trial court’s dismissal of their complaint with prejudice on statute of limitations grounds. We affirm.
Appellants filed a complaint as representatives of a putative class on September 4, 2007, raising three counts: violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), unjust enrichment, and breach of the implied duties of good faith and fair dealing. The complaint alleged that Appellants obtained mortgages with Appellees in 1994,1996, and 1998, and that they bought single premium credit insurance (SPCI) on the mortgages. Appellants alleged that the costs of SPCI were excessively inflated and imposed without adequate justification or disclosure, and that they incurred higher monthly payments than they would have otherwise because the SPCI premiums were added to the amount financed under each mortgage.
Appellees moved for judgment on the pleadings, arguing that Appellants’ claims were barred by the statutes of limitations.[1] Appellants countered that their complaint was timely because the cost of SPCI was financed by Appellees and added to the mortgage loan, and, therefore, each mortgage payment served to toll the running of the statute of limitations under section 95.051(l)(f), Florida Statutes.[2] The trial court granted Appellees’ motion for judgment on the pleadings and dismissed Appellants’ complaint with prejudice, finding that section 95.051(l)(f) did not toll the running of the statute of limitations and that Appellants’ claims were time-barred because the complaint was filed more than eight years after the most recent SPCI purchase in 1998.
Appellants concede on appeal that them claims are time-barred unless tolled by section 95.051(l)(f). Appellees contend that this statute does not apply to Appellants’ claims because it applies only to suits by creditors after the debtor ceases to make payments on a debt founded on a ■written instrument. Appellants counter that section 95.051(l)(f) refers to the tolling of “any statute of limitation” and that the plain language of the statute does not limit its application to actions founded on the written instrument on which the payments are being made or to suits by creditors.
Appellants are correct that section 95.051(l)(f) must be given its plain meaning to the extent its language is clear and unambiguous. Rollins v. Pizzarelli, 761 *663 So.2d 294, 297 (Fla.2000). However, a literal interpretation of the statutory language need not be given if doing so would lead to an unreasonable or absurd result. Maddox v. State, 923 So.2d 442, 446 (Fla.2006). Here, the “plain meaning” interpretation proffered by Appellants would lead to absurd results.
First, if, as Appellants argue, making payments was sufficient under section 95.051(1)(f) to toll the statute of limitations for any cause of action, a debtor’s tort claim (or any other type of claim) against a creditor could be tolled even if the action was unrelated to the written instrument on which the payments were being made. This is an absurd result. The only logical interpretation of section 95.051(l)(f) is that it tolls the statute of limitations for claims founded on the written instrument on which the payments are being made. Cf. Maddox, 923 So.2d at 448 (narrowly construing statute prohibiting traffic citations from being introduced “in any trial” to exclude citations only in proceedings involving use of a motor vehicle because the literal interpretation of the statute would lead to absurd results).
Second, if, as Appellants argue, section 95.051(l)(f) applied to actions brought by debtors such as Appellants, the statute would essentially permit them to unilaterally extend the deadline for bringing an action by making their monthly mortgage payments. This interpretation is contrary to any of the other tolling provisions in section 95.051(1) which extend the time for filing an action based upon the acts of the other party, not the party bringing the action. This interpretation is also contrary to the general philosophy behind the tolling statutes that “courts will not protect defendants who are directly responsible for the delays of filing because of their own willful acts.” See Nardone v. Reynolds, 333 So.2d 25, 36 (Fla.1976), modified on other grounds by Tanner v. Hartog, 618 So.2d 177 (Fla.1993).
Additionally, to the extent that Appellants contend that Appellees’ receipt of the monthly mortgage payments is sufficient to toll the statute of limitations under section 95.051(l)(f), Appellants are asking us to read words into the statute that are not there. The statute says that the statute of limitations is tolled by “payment of any part of the principle or interest” (emphasis supplied); it does not say that the statute of limitations is tolled by “payment or receipt of any part of the principle or interest.”
Appellants have not cited, and we could not locate, any case interpreting section 95.051(l)(f) to apply to claims brought by a debtor or to claims related to, but not expressly founded on, the written instrument on which the payments are being made. Cf. Dudas v. Dade County, 385 So.2d 1144 (Fla. 3d DCA 1980) (holding that section 95.051(l)(f) did not apply to debtor’s action to recover overpayment on an account). To the contrary, the cases construing section 95.051(1)(f) hold that the statute merely codified the common law rule that partial payment of a debt tolls the statute of limitations for the creditor to bring an action on the debt. See, e.g., Cadle Co. v. McCartha, 920 So.2d 144 (Fla. 5th DCA 2006) (discussing the common law rule, the legislative history of section 95.051(1)(f), and cases applying the statute).
Chaplin v. Cooke’s Estate, 432 So.2d 778 (Fla. 1st DCA 1983), cited by the dissent, is not contrary authority. First, the issue in that case was whether a new promise to pay tolled the statute of limitations on an existing debt, not whether section 95.051(l)(f) applied to claims brought by debtors. Second, unlike this case, Chaplin involved a suit by a creditor to collect a debt. Third, although we recognized in *664 Chaplin that section 95.051 superseded any contrary case law (such as that which recognized tolling based upon a new promise to pay an existing debt), it does not follow that the statute was intended to expand the circumstances for tolling as argued by Appellants to include circumstances that had never been recognized in case law.
Our conclusion that section 95.051(l)(f) does not apply to Appellants’ claims is consistent with the Third District’s decision in South Motor Company of Dade County v. Doktorczyk, 957 So.2d 1215 (Fla. 3d DCA 2007), which also involved a FDUTPA claim. In South Motor, a used car buyer brought a FDUTPA action against the car dealer, claiming that the dealer made misrepresentations that led him to purchase an extended warranty which was included in the loan and spread out in installments during the loan period. 957 So.2d at 1216. The complaint was filed two years after the running of the four-year statute of limitations. The buyer argued that the tolling provision of section 95.051(1)(f) applied to him because he had been making payments on the loan. The county court granted summary judgment for the dealer because the sale of the warranty occurred more than four years before the filing of the complaint. The circuit court reversed on appeal, holding that the buyer’s continued payments kept his claim alive under section 95.051(l)(f). However, the district court held that the buyer’s FDUTPA claim could not be tolled under the statute because it was not founded on a written instrument. Id. at 1217-18. On this point, the court stated:
The circuit court’s decision would effectively toll the running of the statute of limitation for all consumer transactions with extended payment plans for at least the life of the payments. This is a complete misapplication of the part-payment tolling provision in section 95.051(l)(f). The statute is obviously intended for those who seek to enforce the obligations under a note when there has been no default under the payments. In those cases, the action has not accrued until there is a default, giving rise to the cause of action. The statute of limitations is tolled while payments (even part-payments) are being made on an installment note. Without the protection of the statute, a compassionate obli-gee that accepts sporadic part-payments from the obligor could risk jeopardizing its collection rights.
Id. at 1218 (citations omitted).
For these same reasons, we conclude that the trial court correctly determined that section 95.051(l)(f) does not apply to Appellants’ claims and that the claims are barred by the statute of limitations. Accordingly, we affirm the trial court’s dismissal of Appellants’ complaint.
AFFIRMED.
LEWIS, J„ concurs; THOMAS, J„ dissents with opinion.

. The statute of limitations for a FDUTPA claim is four years pursuant to section 95.11(3)(Q, Florida Statutes, as it is based on a statutory liability. Appellants' claim for unjust enrichment is also subject to a four-year statute of limitations pursuant to section 95.1 l(3)(k). The breach of the duties of good faith and fair dealing is a claim arising from the parties’ contractual relationship and, therefore, subject to a five-year statute of limitations under section 95.1 l(2)(b).

. Section 95.051(l)(f) provides:
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:
* * *
(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.