THOMAS, J.,
dissenting.
I respectfully dissent. The statute is unambiguous, and its plain language does not limit its application to actions brought only by creditors.
“Prior to 1974, there was no statutory enumeration of facts or circumstances-which would toll the running of time under any statute of limitations although a number of such circumstances or facts had developed through case law.” Chaplin v. Cooke’s Estate, 432 So.2d 778, 779 (Fla. 1st DCA 1983). In 1974, however, the legislature enacted section 95.051, Florida Statutes, which provided for a set of exceptions to the statute of limitations. “In 1975, the legislature added section 95.051(l)(f), which provided that the running of time *665 was tolled by ‘[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument.’” Id.
As we observed in Chaplin, “[t]his is the only subsection dealing specifically with written instruments and acts which would toll the running of time on written instruments. Under the provisions of § 95.051(l)(f), the only act which would toll the time for the running of the statute of limitations was the payment of any part of the principal or interest, since any contrary case law was superseded by § 95.051.” Id. (emphasis added).
Thus, although the common law may have limited tolling the statute of limitations with respect to claims brought by creditors, the eases giving rise to this concept were superseded by section 95.051(l)(f), which does not express any such limit. Quite simply, had the Legislature wished to limit the application of the statute this way, it could easily have done so. See Am. Bankers Life Assurance Co. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968) (noting that had Legislature intended statute to import more specific and definite meaning, it could have easily chosen words to express any limitation it wished to impose). Here, because the Legislature did not choose to include words limiting the statute to creditors, we cannot add this language. “This court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.” Id.
The claims here were founded on the underlying written instrument at issue— the mortgage and the SPCI policy incorporated in it. Thus, the statute applies and tolls the running of the statute of limitations. We should reverse the trial court’s determination that the statute of limitations on Appellants’ causes of action was not tolled by section 95.051(l)(f), Florida Statutes, and reinstate the action for consideration on the merits.