[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13434
Non-Argument Calendar
_____

Docket No. 8:12-cv-00690-RAL-EAJ

ELIZABETH H. COURSEN,

Plaintiff-Appellant,

versus

SHAPIRO & FISHMAN, GP,
A Florida General partnership,
n.k.a. Shairo, Fishman & Gache, LLP,
FIDELITY NATIONAL FINANCIAL, INC.,
a foreign corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 7, 2014)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Elizabeth Coursen appeals the district court's grant of summary judgment in favor of Defendants Shapiro, Fishman & Gache, LLP ("SFG"), Lender Processing Services, Inc. ("LPS"), Fidelity National Information Services, Inc. ("FNIS"), Fidelity National Financial, Inc. ("FNF"), Lender Processing Services Default Solutions, Inc. ("LPSDS"), and Dory Goebel.[1]  Coursen's complaint challenges the 2006 foreclosure judgment on her home and purports to assert claims for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), civil conspiracy, abuse of legal process, and violations of federal civil RICO statutes, 18 U.S.C. §§ 1961, 1962(b) and 1964.  No reversible error has been shown; we affirm.

In 2001, Coursen executed and delivered a promissory note and mortgage to North American Mortgage Company.  Shortly thereafter, Coursen began making mortgage payments to Washington Mutual Bank ("WAMU").

In September 2006, when Coursen failed to make several mortgage payments, WAMU -- represented by SFG -- filed a foreclosure action against her.

---

[1] Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Washington Mutual Bank, and Federal National Mortgage Corporation have been dismissed and are not parties to this appeal.

Coursen contested the foreclosure action arguing, among other things, that WAMU lacked standing to foreclose. In October 2006, an assignment of mortgage ("2006 AOM") was executed and recorded, assigning Coursen's mortgage to WAMU as attorney-in-fact for Fannie Mae.

In November 2006, WAMU filed a motion for summary judgment. In support of its motion, WAMU filed an affidavit from Goebel ("Goebel Affidavit"), in which Goebel averred that Coursen's mortgage had been in default since May 2006 and set forth the outstanding balance on the mortgage loan. The state court granted WAMU's summary judgment motion and entered final judgment against Coursen on 27 November 2006 ("2006 foreclosure judgment").

Despite obtaining final judgment, WAMU (which was later acquired by JPMorgan Chase, N.A.) continued to work with Coursen over the next several years as Coursen pursued a permanent loan modification. During that time, Coursen filed several motions to cancel the foreclosure sale and also sought to set aside the 2006 foreclosure judgment based on WAMU's alleged fraud. The state court denied Coursen's various attempts to vacate the foreclosure judgment. The foreclosure sale took place in November 2011.

In August 2010, Coursen filed this civil action in state court solely against "J.P. Morgan Chase, f/k/a Washington Mutual Bank." The state court dismissed the complaint without prejudice. In March 2012, Coursen filed the pertinent

3

amended complaint in this case.  Defendants removed the case to federal district court and then moved for summary judgment.

The district court granted Defendants' motions for summary judgment.  In two reasoned and detailed opinions, the district court concluded that Coursen's claims against Defendants (1) were barred by federal and state litigation privilege, (2) were barred by collateral estoppel, (3) were untimely, (4) failed on the merits, and (5) failed because Coursen suffered no damages.  The district court also concluded that Coursen's claims against LPS failed because LPS was not in existence when the 2006 foreclosure judgment was issued.  Because Coursen had failed to allege facts connecting FNIS and FNF to her alleged harm, the district court concluded that FNIS and FNF were entitled to summary judgment.

We review the district court's grant of summary judgment de novo, viewing the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).  "Summary judgment is appropriate if the evidence establishes 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003).[2]

---

[2] In ruling on Defendants' motions for summary judgment, the district court applied correctly the summary judgment standard and considered expressly Coursen's "Statement of Disputed Facts."

Having reviewed the record and the district court's orders, we see no genuine issue of material fact and no reversible error.  We affirm the district court's grant of summary judgment.

About the timeliness of Coursen's claims, we agree with the district court's determination that Coursen's claims are time-barred.  Each of Coursen's claims is governed by a statute of limitations ranging from between one and four years.[3]  Coursen argues only that Defendants engaged in unlawful acts (including mainly the preparation and execution of the 2006 AOM and the Goebel Affidavit) in an attempt to obtain improperly the 2006 foreclosure judgment.  (Coursen does not challenge the actual foreclosure sale itself.)  Because the complained-of injury was the 2006 foreclosure judgment, Coursen's claims accrued, at the latest, on 27 November 2006, when final judgment was entered against her.[4]  Because

---

[3] See Olson v. Johnson, 961 So. 2d 356, 359 (Fla. Ct. App. 2007) (the statute of limitations for civil conspiracy is four years, pursuant to Fla. Stat. § 95.11(3)(o)); Callaway Land & Cattle Co. v. Banyon Lakes C. Corp., 831 So. 2d 204, 208 (Fla. Ct. App. 2002) (abuse of process claims are governed by a four-year statute of limitations, pursuant to Fla. Stat. 95.11(3)(p)); S. Motor Co. v. Doktorczyk, 957 So. 2d 1215, 1217 (Fla. Ct. App. 2007) (four-year statute of limitations for filing claims under the FDUTPA); Fla. Stat. § 559.77(4) (establishing a two-year statute of limitations for claims under the FCCPA); 15 U.S.C. § 1692k(d) (establishing one-year statute of limitations for claims under the FDCPA); Agency Holding Corp. v. Malley-Duff & Ass., Inc., 107 S.Ct. 2759, 2767 (1987) (imposing a four-year statute of limitations on civil RICO claims).

[4] We reject Coursen's argument that -- because Defendants allegedly prevented her from discovering that she was a "victim of fraud" -- her RICO claim did not accrue until later. Instead, Coursen's RICO claim accrued at the time of her injury -- the 2006 foreclosure judgment -- even if she had not yet discovered Defendants' alleged pattern of RICO acts. See Rotella v. Wood, 120 S.Ct. 1075, 1080-81 (2000) (federal civil RICO claims accrue upon discovery of the injury, not the discovery of the pattern of RICO activity).  To the extent that FDCPA claims are subject to equitable tolling, Coursen has not established "extraordinary

5

Coursen's complaint was not filed until March 2012 -- more than five years after her claims accrued -- each of her claims is barred by the pertinent statute of limitations.

Even if Coursen's claims had been timely and not otherwise barred, we agree that Coursen's claims fail on the merits because she has failed to establish all the necessary elements of her claims. In particular, Coursen has shown no damages resulting from Defendants' alleged conduct: a necessary element for each of her claims. Although her home was foreclosed upon, Coursen concedes that she failed to make several loan payments. As a result, Coursen defaulted on her mortgage loan and was subject to foreclosure. Coursen complains that she suffered damages in the form of losing her home, losing the equity in her home, having her credit damaged, and pain and suffering. Because these damages are attributable to Coursen's own failure to maintain her mortgage payments, Coursen cannot establish a causal link between her damages and Defendants' alleged conduct. Thus, Coursen's claims fail as a matter of law.

---

circumstances" warranting equitable tolling of the accrual of her FDCPA claim. See Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). And we are unpersuaded by Coursen's argument that the 2011 foreclosure sale constituted a "new violation" under the FCCPA, for purposes of restarting the statute of limitations clock: her argument runs this way -- merely because the sale could not have taken place but for the 2006 foreclosure judgment, which relied in part on the offending Goebel Affidavit.

6

For these reasons, and for the reasons given by the district court, Defendants are entitled to summary judgment.

AFFIRMED.