DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ABA INTERIOR INC.,**
Appellant,

v.

**THE OWEN GROUP CORP.,**
Appellee.

No. 4D21-874

[February 9, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE19023431.

Karen E. Berger and Yasir Billoo of International Law Partners, LLP, Hollywood, for appellant.

Michael J. Friedman and Michael R. Billings of Friedman Legal, Boca Raton, for appellee.

KLINGENSMITH, J.

ABA Interior, Inc., a subcontractor, appeals the trial court's final summary judgment in favor of the general contractor, The Owen Group Corp. ABA asserts the trial court erred when it granted partial summary judgment and found it materially breached the subcontract with Owen. ABA also argues that the trial court erred when it found that Palm Beach County law precluded it from participating in litigation related to its unlicensed work. We agree with ABA in part and reverse.

Owen and ABA contracted for the interior improvement of a commercial project in Palm Beach County. Section 11.1(d) of their agreement required subcontractors to comply "with all Federal, State, and local laws and ordinances" relating to construction. ABA completed the project with the help of other sub-subcontractors. Owen made payments to ABA until it discovered that ABA failed to obtain the necessary Palm Beach County licenses and stopped further payments.

Ultimately, ABA sued for breach of contract in Broward County.  Owen alleged as an affirmative defense that ABA failed to obtain the required Palm Beach County licenses and counterclaimed for reimbursement of all prior payments made to ABA, claiming ABA materially breached the contract by engaging in unlicensed contracting.

Owen moved for partial summary judgment as to ABA's claims.  Owen argued that Palm Beach County law precluded ABA from participating in litigation related to its unlicensed work and that ABA breached the contract first by failing to obtain the required licensure.  In response, ABA argued that the State of Florida did not require a license to perform the work contemplated by the contract and the work, therefore, was not unlicensed.

The trial court granted Owen's motion, finding that ABA did not have the required certificates of competency for specialty contracting and was therefore unable to act as a litigant under (1) Special Act of Palm Beach County, amending Chapter 67-1876, Laws of Florida, as amended, and (2) the Codes of Laws and Ordinances Relating to Palm Beach County Government, Section 7, Article II.  The trial court deferred ruling on whether the failure to obtain local licensure was a breach of contract.

Following that ruling, Owen once again moved for partial summary judgment, alleging that at the time of contracting and during its work on the Project, ABA was unlicensed and thereby breached the contract.  The trial court also granted this motion, finding that ABA committed a preceding and material breach of the construction subcontract by failing to obtain the requisite licensure to perform work on the project and that such breach was not waived by Owen.  This appeal followed.

"Review of an order granting summary judgment is de novo."  *Gomez v. Fradin*, 41 So. 3d 1068, 1071 (Fla. 4th DCA 2010).  "Further, where the question involves interpretation of a statute, it is subject to de novo review."  *Brown v. City of Vero Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011) (emphasis omitted).

"Municipal ordinances are subject to the same rules of construction as are state statutes."  *Rinker Materials Corp. v. City of North Miami*, 286 So. 2d 552, 553 (Fla. 1973).  "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning."  *Valencia Rsrv. Homeowners Ass'n v. Boynton Beach Assocs., XIX, LLLP*, 278 So. 3d 714, 717 (Fla. 4th DCA 2019) (quoting *A.R. Douglass, Inc. v.*

*McRainey*, 137 So. 157, 159 (Fla. 1931)). "However, a literal interpretation of the statutory language need not be given if doing so would lead to an unreasonable or absurd result." *Brown v. Nationscredit Fin. Servs. Corp.*, 32 So. 3d 661, 663 (Fla. 1st DCA 2010).

Article 11.1(d) of the construction subcontract between the parties required ABA to comply with all local laws, ordinances, and licensing:

> Comply with all Federal, State, and local laws and ordinances relating to construction of buildings or structures, give adequate notices relating to the work to the proper authorities, and secure and pay for all necessary licenses or permits to carry on the work as described in the Contract Documents applicable to this Subcontract.

Florida state law provides that "if a state license is not required for the scope of work to be performed under the contract, the individual performing that work is not considered unlicensed." § 489.128(1)(a), Fla. Stat. (2019). That said, Palm Beach County Code section 7-17(b)(2) makes it unlawful for a person who is required but failed to possess a certificate of competency "to hold himself/herself out as a contractor, whether as a plaintiff, defendant or witness in any court in this county."

ABA argues that the plain reading of Palm Beach County Code section 7-17(b)(2) bans ABA from litigating only in Palm Beach County and that it is free to litigate in Broward County. We disagree. ABA's reading of the Palm Beach County Code would make it so that section 7-17(b)(2) could never be enforced outside of Palm Beach County, even when Palm Beach County law applies. If a contract has a venue provision outside of Palm Beach County, as is the case here, a party that falsely holds itself out as possessing a required certificate of competency would effectively face no consequence. This would be an unreasonable result. *See Nationscredit Fin. Servs. Corp.*, 32 So. 3d at 663.

Palm Beach County's ordinance required Palm Beach County licensure, not licensure in other counties, for the specialty work contracted and performed in Palm Beach County. The trial court found no dispute that ABA failed to acquire a certificate of competency from Palm Beach County, which precluded it from acting as a litigant under Palm Beach County law. *See* Palm Beach County Code § 7-17(b)(2). Therefore, the trial court was correct, in part, when it found that ABA was precluded from litigating by Palm Beach County law. *See Gomez*, 41 So. 3d at 1071. However, this ordinance applies only to bar unlicensed contractors from litigating claims involving work that requires additional licensure. ABA was still permitted

to prosecute or defend itself on claims that did not require this additional licensure.

ABA's written construction subcontract encompassed a variety of work, including acoustical ceiling work, flooring work, and millwork. ABA specifically claimed that some of the work performed, such as the flooring installation, did not necessarily require a specialty license from Palm Beach County. Although the trial court ruled in the second partial summary judgment that ABA failed to obtain the requisite licensure to perform work, the trial court did not expressly find that *all* of ABA's work required a license. The trial court also did not determine whether ABA fulfilled its subcontract by engaging properly licensed sub-subcontractors to perform the work that required Palm Beach County licensure. Such unresolved factual issues preclude the entry of summary judgment. *See Eco-Tradition, LLC v. Pennzoil-Quaker State Co.*, 137 So. 3d 495, 496 (Fla. 4th DCA 2014) ("Summary judgment is improper unless the record demonstrates that there are no genuine issue as to any material fact and that the party is entitled to the judgment as a matter of law.").

Additionally, the trial court did not expressly rule on whether ABA's failure to obtain Palm Beach County licensure in compliance with all local laws and ordinances under Article 11.1(d) constituted a breach of the agreement that would negate *any* obligation for payment, even for the work that did not require such licensure. *See Sch. Bd. of Broward Cnty. v. Pierce Goodwin Alexander & Linville*, 137 So. 3d 1059, 1070 (Fla. 4th DCA 2014) (quoting *Madison Fund, Inc. v. Charter Co.*, 427 F. Supp. 597, 608 (S.D.N.Y. 1977)) (finding that although damages should leave the injured party in the same position before the breach, the injured party is not entitled to "a position better than that which he would have occupied had the contract been performed"). Without such a finding in the lower court, we take no position on this issue and leave it for consideration on remand.

For these reasons, we reverse the trial court's two partial summary judgments and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

D<small>AMOORGIAN</small> and C<small>IKLIN</small> JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**